# City of Philadelphia versus Wright, et al.

1. Where the rights of parties have become fixed prior to the adoption of the present constitution, they cannot avail themselves of any additional rights secured by that instrument.

2. Where a property owner in the city of Philadelphia seeks to recover damages for a change in the grade of a street, by virtue of the provisions of the Consolidation Act of February 2d 1854, Pamph. L. 37, he must file his petition for a jury of view within one year of the time when the regulation of the grade is altered, in accordance with the provisions of the General Road Law of June 13th 1836, § 7, Pamph. L. 556.

3. In re Ridge Avenue, 3 Out. 469, approved and followed.

April 5th 1882. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Green, JJ. Sterrett, J., absent.

Error to the Court of Common Pleas No. 3 of *Philadelphia county:* Of January Term 1882, No. 288.

This was, in the court below, an appeal by the city of Phila-

delphia from the report of a jury appointed by the court of quarter sessions, assessing to Edmund Wright, et al., trustees under the last will and testament of Samuel Wright, deceased, damages in the matter of the alleged change of grade of Second, Third, Fourth and Fifth streets in the said city.

The case was referred to Alexander Thackara, Esq., as referee, before whom the facts appeared to be as follows:—

The plaintiffs, Edmund Wright, et al., Trustees, are owners of a tract of about fifty acres of land in the city of Philadelphia, situated along the line of the connecting railroad. Upon the public plan of said city, certain streets, viz., Second, Third, Fourth and Fifth, are laid out as passing through said property. The grades of these streets were fixed by plan No. 157, confirmed June 11th 1860, and were altered by plan No. 251, confirmed by an Act of the General Assembly on March 15th 1871.

On December 15th 1877, the plaintiffs filed a petition for the appointment of a jury to assess the damages alleged to have been caused them by the change of grade regulation. A jury was appointed which filed its report on November 30th 1878, awarding damages to plaintiffs, and from that award the city appealed.

It appeared in evidence and was not disputed, that the change of grade prescribed by the plan of 1871, was not actually made upon the ground on Fifth street until the year 1880, when the street was opened, and that it never has been made on the ground on the other streets. The referee reported in favor of plaintiffs and awarded them damages for the change of grade of the various streets, in the sum of $39,558.33.

The city filed exceptions to the referee's report, which were dismissed by the court, and upon plaintiffs' filing a remittitur for all above $30,000, judgment was entered in their favor for that sum. The city thereupon took this writ, assigning for error the action of the court.

*Wm. Nelson West,* city solicitor, and *Charles E. Morgan, Jr.,* assistant city solicitor, for the plaintiffs in error.—The change of grade regulation was not a change made in accordance with the 27th section of the Act of Assembly of February 2d 1854, by which a right to damages by way of compensation, is given to owners of property injured, and jurisdiction conferred upon the court of quarter sessions to ascertain and assess the same.

The change of grade in the present case was made by Act of Assembly. Prior to the adoption of the present constitution, no damages were recoverable for change of grade, the injury done being considered as consequential : Mills on Eminent Domain, § 195 ; O'Connor *v.* Pittsburgh, 6 Harris 187.

[City of Philadelphia *v.* Wright.]

At the date when these proceedings were begun, plaintiffs were not vested with any right to damages. The right to damages only vests upon the actual physical change of grade.

If, however, plaintiffs' claim vested immediately upon the confirmation of the plan by the quarter sessions, they are barred by the limitation clause of one year, contained in the general road law of June 16th 1836, section 7 : In re Change of Grade of Ridge Avenue, 3 Out. 469.

*Silas W. Pettit* (with whom was *John R. Read*), for the defendants in error.—The court will not consider our right to damages defeated because the change of grade was authorized by Act of Assembly : O'Connor *v.* Pittsburgh, 6 Harris 189 ; In re Ridge Street, 5 Casey 395 ; In Re Fifth & Sixth Streets, 4 W. N. C. 443. Our right to damages accrued immediately on the confirmation of the plan : City *v.* Dyer, 5 Wright 463 ; City *v.* Dickson, 2 Wright 247. The limitation of one year contained in the General Road Law of June 16th 1836, section 7, has no application to petitions for damages in the city of Philadelphia. There is an entirely different system in use in said city established by the act of March 25th 1805, 4 Sm. L. 232 ; and the act of April 21st 1855, Pamph. L. 266, and also by the consolidation act : In re Parrish St., 6 W. N. C. 215 ; In Re Fifty-second St., 33 Leg. Int. 72 ; In re Sixth St., 1 Phila. 277 ; In re Jackson St., 2 Norris 328. See Commonwealth *v.* Commissioners, 2 Wharton 294 ; Stewart *v.* County, 2 Barr 340 ; City of Philadelphia *v.* Dyer, 5 Wright 464 ; P. W. & B. R. R. Co. *v.* City, 9 Phila. 567 ; In re Sedgley Avenue, 7 W. N. C. 2.

The plaintiffs' right to damages which, by the Act of 1854, are " to be ascertained and paid by law, as in case of damage for opening streets," is to be governed by analogy by the rules which apply to damages for a nuisance : Angell on Limitations, 400 ; Stout *v.* Kindt, 12 Harris 449 ; Hannum *v.* West Chester, 13 P. F. S. 475.

Mr. Justice Paxson delivered the opinion of the court October 2d 1882.

The plaintiffs are the owners of a tract of land in the city of Philadelphia situated along the line of the connecting railroad. Upon the public plan of said city certain streets, viz.: Second, Third, Fourth and Fifth, are laid out as passing through said property. The grades of these streets were fixed by plan No. 157, confirmed June 11th 1860, and were altered by plan 251, confirmed by an Act of the General Assembly on March 15th 1871. It was in evidence and not disputed that the change of grade prescribed by the latter plan was not actually

made upon the ground on Fifth street until the year 1880, when said street was opened, and that it has never been made on the ground on the other streets. The proceedings to obtain damages for the change of grade were commenced on the 15th of December 1877, when the plaintiffs below filed a petition for the appointment of a jury to assess the damages which they claimed to have sustained by reason of said change.

Prior to the passage of the Act of February 2d 1854, P. L. 37, there was no remedy when property was injured by a change of grade. The 27th section of said act provided such remedy. The plaintiff must recover if at all by virtue of said act, the 8th section of article 16 of the constitution having no application, for the reason that the change of grade occurred, and the rights of the parties became fixed before the adoption of that instrument. This subject is discussed in the Grade of Ridge Avenue, decided at the last term in the eastern district.

The city resists the payment of the claim for damages, and assigns for error that there was neither jurisdiction in the common pleas to enter judgment, nor in the quarter sessions to appoint a jury to assess the damages.

We decided in Re Grade of Ridge Avenue that the damages for a change of grade must be ascertained as in the case of damages for opening streets ; that the general road law of 1836 was applicable to the city of Philadelphia, and that the limitation of one year contained in said act applied to that case. The limitation referred to applies equally to this case, and if that decision is to stand the plaintiffs here are too late with their claim. That question has been thoroughly and ably re-argued in the present case, and in view of the importance of the question we have re-examined it with care. Such re-examination has failed to convince us that our rulings in the Ridge, Avenue case upon this point are erroneous. The question of the applicability of the general road law of 1836 to the city of Philadelphia, has been before this court in a number of cases and was settled in Smedley *v.* Erwin, 1 P. F. S. 445. If, as was contended, the limitation contained in section 7 of the act of 1836 is inconsistent with the Acts of April 6th 1802, and of March 25th 1805, it would seem to follow that the latter named acts are repealed pro tanto by section 32 of the act of 1836, which provides that " all laws hereby altered or supplied, so far as they are inconsistent with this act, are hereby repealed," &c. Be that as it may, I have been unable to find in the legislation since 1836 any Act which either in express terms or by necessary implication repeals the limitation in the act of 1836. That the mode of paying the damages has been changed is not to the purpose. Granted that to this extent section 7 of the Act of 1836 has been modified, it in no wise affects the limitation itself.

[Barger's Appeal.]

We have nothing to do with the wisdom of the limitation. Yet it seems as inportant that some limit should be fixed in this class of claims as in any others, and we have been shown no reason why a limitation of one year is unreasonable.

We do not propose to re-argue this question. Adhering as we do to the views expressed in the Ridge Avenue case, it becomes unnecessary to consider the remaining questions presented by this record. The claim of the plaintiffs having been presented too late, the judgment below must be set aside.

Judgment reversed.