R. T. OGDEN v. CITY OF PHILADELPHIA.

M. H. ELLIS v. CITY OF PHILADELPHIA.

APPEALS BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued April 10, 1891—Decided October 5, 1891.

1. No right of action is given by law to landowners for the mere establishment upon the official plans of the city of Philadelphia of a grade for a street which had no established grade prior to February 2, 1854; the right of action given by § 8, article XVI. of the constitution, being clearly for the actual establishment of a new grade upon the land.

2. Wherefore, the first established grade for a street having been fixed upon the city plan in 1871, but nothing having been done upon the ground until 1887, when the physical change of grade was effected, the statute of limitations did not commence to run against a landowner's right of action to recover damages for the change, until the actual cutting of the ground in 1887.

3. While the remedy to recover compensation for such a change of grade is by action in the Court of Common Pleas, and the Court of Quarter

Statement of Facts.

Sessions has no jurisdiction to assess damages therefor, yet a proceeding for such assessment, commenced in the latter court and brought into the former by appeal of the city, the city waiving any question of jurisdiction, sustained in this instance.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

Nos. 246, 247 January Term 1891, Sup. Ct.; court below, Nos. 186, 244 September Term 1888, C. P. No. 1.

On October 8, 1888, the city of Philadelphia filed in the court below its appeal from the report of a jury of view, appointed by the Court of Quarter Sessions, assessing damages in favor of Richard T. Ogden, for a change of grade of North street. On October 10th, a similar appeal from an award of damages made by the same jury in favor of Margaret H. Ellis was filed. The date at which the proceeding was commenced in the Court of Quarter Sessions was not shown in the paper-books. Both cases were put at issue upon statements of claim in trespass, setting forth, as the cause of action, injuries done by the physical change of grade in 1887, and pleas of not guilty.*

At the trial on October 27, 1890, the following facts were shown on the part of the plaintiffs:

On May 15, 1871, the Court of Quarter Sessions of Philadelphia county confirmed a plan fixing the grade of North street, there having been no established grade before that time. On January 26, 1887, an ordinance of councils was passed, authorizing the actual cutting of the street to correspond with the grade established in 1871, and in April and May, 1887, the cutting was done and the physical change effected. The respective properties of the plaintiffs were purchased by them subsequent to the establishment of the grade in 1871. Witnesses testified for the plaintiffs as to the extent of the injury caused to the properties by the change of grade, putting estimates upon the depreciation in market value resulting therefrom.

---

* In Ogden v. Philadelphia there was filed on April 5, 1889, a written agreement of counsel that the appeal should be considered at issue and tried without pleadings. Subsequently, however, the pleadings mentioned in the report were filed in that case.

Arguments.

At the close of the testimony for the plaintiffs, defendant's counsel moved for judgments of compulsory nonsuit, upon the ground, as stated in appellants' history of the case, that the plaintiffs' claims were barred by the statute of limitations, which commenced to run with the confirmation of the plan in 1871.

By the court: Motion granted.

Motions to take off the nonsuits having been dismissed, without opinion filed, the plaintiffs took these appeals, assigning the refusal to take off the nonsuits for error.

*Mr. Joseph S. Goodbread* and *Mr. E. Clinton Rhoads*, for the appellants:

A statutory limitation presupposes a right of action, and can run only from the time at which such a right accrues: Leasure v. Mahoning Tp., 8 W. 551; Volkmar St., 124 Pa. 320; Keller v. Rhoads, 39 Pa. 513; Montgomery's Est., 3 Brewst. 309. No right of action whatever accrued to the property owners along North street, by virtue of the plan of 1871. Prior to 1874 there was no remedy for a change of grade except as given by § 27, act of February 2, 1854, P. L. 37; Philadelphia v. Wright, 100 Pa. 235; O'Connor v. Pittsburgh, 18 Pa. 187. That section applied only to a regulation changing a grade previously established, and therefore this case did not come within it: Ridge Ave., 99 Pa. 475; New Brighton Bor. v. U. P. Church, 96 Pa. 331. The right of action we seek to enforce was given by § 8, article XVI. of the constitution of 1874: Chester Co. v. Brower, 117 Pa. 654; and the right of action accrued thereunder when the actual change was made on the ground: Brower v. Philadelphia, 142 Pa. 350; North Chester Bor. v. Eckfeldt, 1 Mona. 732; Craft v. South Chester Bor., 2 Pa. C. C. R. 508; Kershaw v. Philadelphia, 27 W. N. 341; Volkmar St., 124 Pa. 320; Chestnut St., 118 Pa. 593; Easton Bor. v. Rinek, 116 Pa. 1; Easton Bor. v. Walters, 18 W. N. 117; Twenty-eighth St., 102 Pa. 149. The limitation in force is six years: Grape St., 103 Pa. 121.

*Mr. James Alcorn* (with him *Mr. Howard A. Davis* and *Mr. Charles F. Warwick*), for the appellee:

1. The plaintiffs were not the owners of the properties in

Opinion of the Court.

question in 1871, when the grade was confirmed. At that time there was no remedy for damages inflicted by a first establishment of grade. If there had been, the then owner would have been the party entitled to recover the damages. The constitutional provision cited by plaintiffs was not retroactive, and had no effect upon the rights and remedies of the parties as they existed prior to 1874: Ridge Ave., 99 Pa. 469; Philadelphia v. Wright, 100 Pa. 235; Folkenson v. Easton Bor., 116 Pa. 523; Allegheny Co. v. Gibson, 90 Pa. 397; Ahl v. Rhoads, 84 Pa. 319; Pierce v. Commonwealth, 104 Pa. 150; Penna. R. Co. v. Duncan, 111 Pa. 352.

2. If, however, the constitution did give a remedy, the right of action vested in the injured party at the adoption of the constitution, and it was barred in 1880. Moreover, the right to recover did not belong to the plaintiffs, but to the persons who were the owners in 1874. If the proposition that the right of action did not accrue until the physical change in 1887, be sustained, we will have confusion in such proceedings, as it is established that where there is a change from an existing confirmed grade, the right of action accrues upon confirmation of the second grade, and not upon its physical establishment.

3. This was the rule prior to 1874, such a change being then the only case in which there was a remedy: Campbell v. Philadelphia, 108 Pa. 300; Ridge Ave., 99 Pa. 469; Philadelphia v. Wright, 100 Pa. 235; O'Connor v. Pittsburgh, 18 Pa. 187. The construction that the right of action accrues upon the confirmation of the grade, whether it be the first or a revised grade, would make uniformity in the proceedings. It is upon such confirmation that the damage occurs: Fifth & Sixth Sts., 4 W. N. 443; Philadelphia v. Wright, 100 Pa. 235; and the physical construction of the street does not create or cause any new damage or injury. The cases of opening or widening of streets, cited by plaintiffs, do not apply, as the damage there is the taking of land, which occurs only upon the legal opening or widening.

OPINION, MR. JUSTICE MITCHELL:

In the absence of any opinion by the court below, we are left to gather the grounds of the nonsuit from the facts and the arguments of counsel.

VOL. CXLIII—28

The facts, which do not appear to be disputed, are that the first grade for North street was established on the city plan in 1871, but nothing was done on the ground until 1887. For the establishment of the grade of 1871 there was no right of action: O'Connor v. Pittsburgh, 18 Pa. 187; Philadelphia v. Wright, 100 Pa. 235. Therefore, the statute of limitations could not begin to run from that date. But the constitution of 1874, article XVI., § 8, gave a right to the owners to have compensation for property injured, as well as for property taken by municipal and other corporations in the construction or enlargement of their works. The right of action which this section gives is clearly for the actual establishment of the grade on the land. The general rule is that the cause of action arises when the injury is complete, and this has been uniformly applied to the taking of property for public use, from the case of Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411, down to the present day: Volkmar St., 124 Pa. 320; Whitaker v. Phœnixville Bor., 141 Pa. 327; Brower v. Philadelphia, 142 Pa. 350. The cases which were governed by a different rule were exceptions, such as those arising under § 27 of the consolidation act of February 2, 1854, which in express terms gave damages for a change of grade regulations: Plan 166, opinion filed herewith, ante 414. There is nothing in the constitutional provision which indicates an intent to depart from the general rule under which, in the present case, the cause of action could not arise until the actual cutting down of the ground in 1887.

No point is made that the action should have been brought originally in the Common Pleas. The city, instead of raising the question of jurisdiction in the Quarter Sessions, appealed to the Common Pleas, and there filed of record an agreement that the appeal should be considered at issue and tried without pleadings, and the agreement here waives any question of jurisdiction of the court in which damages were sought to be recovered. The parties, therefore, being in the proper court on a proceeding de novo, this court will not be astute to inquire how they got there: Wilson v. Scranton City, 141 Pa. 621. And the point is noticed merely to avoid any apparent conflict between this and the other cases in which it is held that the Quarter Sessions has no jurisdiction.

Judgment reversed, and procedendo awarded.