# O'Brien v. Phila., Appellant.

*Damages for change of grade of streets.*

A property-owner who has built a house upon his lot in conformity with the existing grade of an old and open public highway, can recover damages from the city of Philadelphia for depreciation in the value of the property occasioned by changing the actual physical elevation of the highway in front of the lot to conform to a plan-regulation legally confirmed after the building of the house, said plan being the first regulation of grade and differing from the actual physical elevation of the old highway in front of the lot.

Argued April 4, 1892.   Appeal, No. 355, Jan. T., 1892, by

defendant, from judgment of C. P. No. 1, Phila. Co., March
T., 1891, No. 971, on verdict for plaintiff.  Before PAXSON,
C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass for change of grade of street.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) entering judgment for plaintiff,
and (2) not entering judgment for defendant on the point
reserved.

*E. Spencer Miller*, assistant city solicitor, with him *Charles
B. McMichael*, assistant city solicitor, and *Charles F. Warwick*,
city solicitor, for appellant, cited Rigney v. Chicago, 102 Ill.
80 ; Chamberlain v. West End Ry., 2 B. & S. 605 ; 110 E. C.
L. 604, 617 ; Beckett v. Midland Ry., L. R. 1 C. P. 241, on ap-
peal, 3 C. P. 82 ; Chicago v. Taylor, 125 U. S. 165 ; Pa. R. R.
v. Lippincott, 116 Pa. 472 ; Pa. R. R. v. Marchant, 119 Pa.
541 ; Green v. Reading, 9 Watts, at p. 385 ; Dillon, Mun.
Corp., § 993, et seq.  Ogden v. Phila., 143 Pa. 430, involved
only the question of the statute of limitations.  New Brighton
Boro. v. Church, 96 Pa. 331, and Hendrick's Ap., 103 Pa. 358,
were under the borough Act of 1878.

*Thomas Leaming*, *Henry C. Terry* with him, for appellee,
cited Jones v. Boro., 144 Pa. 638 ; Ogden v. Phila., 143 Pa.
430 ; Kershaw v. Phila., C. P., 27 W. N. 341.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

For many years prior to commencement of this suit, plaintiff
owned a house and lot fronting on Haines street between Sten-
ton avenue and Limekiln pike, now in the 22d ward of Phila-
delphia.  Prior to 1761, what is now Haines street was an old
road.  In that year a jury of view, appointed by the court of
quarter sessions, reported said road, with courses, etc., but with-
out any fixed grade, as a public highway, and in September of
same year their report was duly confirmed by said court.  Sub-
sequently the natural surface of the land, on which the road
was located, was somewhat changed and the grade of the road
thereby improved.  As a public highway, this road has been
continuously traveled ever since, and, from time to time, de-
tached dwellings, fronting upon it, have been erected.  Mean-
while, the territory, on part of which the road was located, was

absorbed by the city and is now part of said ward. In 1871, more than a century after said road was recorded as a public highway, a plan of that section of the city embracing that part of said road, now called Haines street, on which plaintiff's property is located, was presented and confirmed. By that plan, a grade of the street, differing materially from the traveled grade, was prescribed. This first established paper grade called for raising Haines street, opposite plaintiff's house, which was erected before said plan was confirmed.

In 1888, Haines street was physically graded so as to conform to the grade established as aforesaid in 1871. By that act of the city the street opposite plaintiff's house was so raised as to leave his house considerably below the changed surface of the street. For the injury thus sustained by plaintiff this suit was brought and a verdict rendered in his favor for $240, subject to the opinion of the court below on the following question of law reserved : " Whether a plaintiff who has built a house upon his lot in conformity with the existing physical grade of an old and open public highway, can recover damages from the city of Philadelphia for depreciation in the value of the property occasioned by changing the *de facto* physical elevation of the highway in front of the lot to conform to a plan regulation legally confirmed after the building of the house, said plan being the first regulation of grade and differing from the *de facto* physical elevation of the old highway in front of the lot."

Defendant's motion for judgment in its favor, *non obstante veredicto*, was afterwards denied and judgment for plaintiff was entered on the verdict. The sole question presented by the two specifications is whether the court erred in denying defendant's motion and entering judgment for plaintiff.

On the trial the evidence was directed to the difference in the value of plaintiff's property before and after the raising of the natural grade, as affected by that act. It was also agreed that no objection based on the form of action should be made. The only question before us therefore is that presented by the action of the court in entering judgment for the plaintiff on the verdict, etc., as above stated.

If any regard is to be had for the constitutional mandate that " municipal and other corporations . . . . shall make

just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements," we are at a loss to see how the learned judge could do otherwise than decide the reserved question as he did.   Nobody conversant with the history of the constitutional provision above quoted can entertain any doubt that it was intended to provide, *inter alia*, for the class of cases of which O'Connor v. Pittsburgh, 18 Pa. 187, is a conspicuous example. It has uniformly been so regarded from the date of its adoption until the present time.   It is a fact, conclusively established by the verdict, that, as a direct consequence of the elevation of grade immediately in front of plaintiff's property, its market value was lessened at least to the extent of $240; but, it is gravely suggested that "such a *damnum* is not necessarily an *injuria*," and hence plaintiff is remediless.   That principle has no application to the class of cases to which this belongs.   To hold that it has, would defeat one of the objects of the constitutional mandate in question, and virtually overrule several well considered cases.   We do not propose to do either.   In New Brighton Borough v. United Presbyterian Church, 96 Pa. 331, it was contended that inasmuch as the proprietor of a borough had laid it out into lots and streets and the borough had never fixed the grade of a particular street, it was not liable for damages for grading it the first time; but it was held that, under the constitutional provision above quoted, etc., owners of lots are to be compensated for damages resulting from changing the grade of a street, and that a change from the natural grade was such a change as entitled them to damages, if any were sustained thereby.

Again in New Brighton Borough v. Peirsol, 107 Pa. 280, the claim was by a lot owner for a second change of grade after he purchased the lot.   This court, holding that he was entitled to recover, said: "The claim now is for change of grade made since defendant in error purchased, and for damages sustained by work done since the adoption of the constitution."

In Ogden v. Philadelphia, 143 Pa. 430, the claim was for damages caused by grading North street.   After stating the undisputed facts were "that the first grade . . . . was established on the city plan in 1871, but nothing was done on the ground until 1887," our Brother MITCHELL says: "For the

establishment of the grade of 1871 there was no right of action: O'Connor v. Pittsburgh, 18 Pa. 187; Philadelphia v. Wright, 100 Pa. 235. Therefore the statute of limitation could not begin to run from that date. But the constitution of 1874, article xvi, § 8, gave a right to owners to have compensation for property injured, as well as for property taken by municipal and other corporations in the construction or enlargement of their works. The right of action which this section gives is clearly for the actual establishment of the grade on the land. The general rule is that the cause of action arises when the injury is complete, and this has been uniformly applied, to the taking of property for public use, from the case of Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411, down to the present day, etc. . . . There is nothing in the constitutional provision which indicates an intent to depart from the general rule under which, in the present case, the cause of action could not arise until the actual cutting down of the ground in 1887."

Jones v. Borough of Bangor, 144 Pa. 638, is to the same effect. In that case our Brother McCollum, speaking for the court, said: "Injuries to abutting property, caused by a change of grade, an alteration or enlargement of the street, do not necessarily result from the opening of it to public travel. It is true that in a proceeding to recover damages caused by the opening and grading of a street the party must submit his whole claim, embracing consequential as well as direct injuries, but, 'where the grading occurs as a separate act of the public authorities, and so long after the opening of the street that the assessment of damages at the time of the appropriation, cannot include those resulting from the grading, the latter may be ascertained by a second view:' Pusey v. Allegheny City, 98 Pa. 522."

We have no doubt that the plaintiff's case was clearly within the constitutional mandate, and hence there was no error in entering judgment in his favor for the amount of damages found by the verdict of the jury.

Judgment affirmed.

[See also the following cases.]