## Haefele *v.* Davis, Appellant.

Argued November 14, 1952. Before STERN, C. J., STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

reargument refused March 24, 1953.

*Sidney G. Handler*, with him *Nelson A. Bryan, Frank P. Lenahan, Elliott Bredhoff, Thomas Harris* and *Douglass, Handler, Rosenberg & Ware*, for appellants.

*Max Rosenn*, with him *Harold Rosenn* and *Rosenn & Rosenn*, for appellees.

OPINION BY MR. JUSTICE CHIDSEY, February 13, 1953:

This is an appeal from the final decree of the Court of Common Pleas of Luzerne County which restrained the appellants from interfering with appellees' seniority and employment rights and directed appellants to pay damages to appellees.

This controversy was previously before this Court in *Haefele v. Davis*, 368 Pa. 23, 81 A. 2d 530. Although the factual background for this case was set out in the report of the prior appeal, it would be well to re-

state it here. The three plaintiffs have been regularly employed by the Vulcan Iron Works for various periods from 30 to 43 years. All are machinists and were members of the defendant union. On January 1, 1943, defendant union and the Vulcan Iron Works entered into a collective bargaining agreement. This agreement continued a seniority system followed by Vulcan Iron Works and provided: "Seniority shall cease upon (a) justifiable discharge; (b) voluntary quitting; (c) if the employee does not return to work within five (5) days after written notice at address appearing on the Company's records. The Company shall notify the Union at the same time the employee is notified to return to work.". On October 17, 1945, another collective bargaining agreement was entered into between the same parties and it repeated verbatim the provision for cessation of seniority as it appeared in the 1943 agreement. While this provision concerning seniority was in force between the company and the union, each of the three plaintiffs was upgraded to the position of foreman by the employer. Since the collective bargaining agreement excepted foremen, the plaintiffs became ineligible for membership in the union.

On June 15, 1949, because of a recession in business, the services of the three plaintiffs were no longer required in a supervisory capacity. Upon objection by the union, the plaintiffs were not permitted to resume their employment as machinists at the Vulcan Iron Works and were discharged by the employer. The union objection was based on the contention that the plaintiffs had lost their seniority rights as a result of their advancement to the position of foreman. Plaintiffs then filed this bill in equity whereby they prayed that the defendant union and the individual defendants be restrained from interfering with plaintiffs' employment and seniority rights at the Vulcan Iron Works,

and also requested damages for the time lost as a result of the union's action. Plaintiffs do not claim that they acquired additional seniority during the period when they worked as foremen.

As part of the original adjudication which dismissed the complaint, the court *en banc* added the following finding of fact to those found by the chancellor: "20. During the negotiations for the collective bargaining agreements, the representatives of the Union proposed that a provision be inserted in the contract which would give a production worker, who was elevated to assistant or foreman, the right, in the event of a decrease in the personnel of the company, to resume his former employment as a production worker and retain his seniority status. This was not assented to by the management of the company and no such provision was inserted in any of the contracts.". On the prior appeal, where the issue presented was whether or not there had been a "voluntary quitting" within the meaning of the quoted provision of the contract, this Court held that finding of fact 20 was unwarranted on the record as it then appeared and entered the following order: ". . . we must reverse the decree appealed from and remand the record with directions to reopen the proceedings so that appellants [appellees in the present appeal] may be afforded an opportunity to produce evidence contradicting the defendants' testimony on this point. After which the Chancellor should make the additional finding in accordance with the fact as he may find it.". It is apparent from this order that the case was remanded for a limited purpose, that is, to take additional testimony on this single point.

Upon return of the record to the trial court, a further hearing was held and both parties were given an opportunity to present additional testimony. Thereafter, on December 21, 1951, the chancellor filed an

amended and supplemental adjudication in which he found, *inter alia,* the following facts: "20. No evidence has been adduced to warrant a finding that during the period of the negotiations, the representatives of the Union submitted to the Company a proposal that the contemplated contract include a clause giving a production worker, who was upgraded to a supervisory position, and subsequently downgraded to his former position, the right to retain his seniority status. 21. There is no evidence that such proposal was rejected by the officials of the Vulcan Iron Works.", and entered a *nisi* decree in accordance with the prayer of the bill against defendant Local 1780, but not against the individual defendants, and also awarded damages in the amounts of $2,152.23 to the plaintiff Haefele, $2,083.85 to the plaintiff Hares, and $1,139.73 to the plaintiff Lord, representing their net loss of wages respectively.

On December 26, 1951, defendants filed exceptions to the amended and supplemental adjudication. On February 18, 1952, almost two months later, defendants filed additional exceptions in which they attempted to raise new defenses not raised in the original pleadings. On February 26, 1952, defendants filed a petition to amend their original answer. On the same day a rule to strike off the additional exceptions was made absolute and the petition to amend the answer was denied. On March 19, 1952, the court *en banc* dismissed defendants' exceptions to the amended and supplemental adjudication, approved the findings and conclusions of the chancellor, and made final the *nisi* decree of December 21, 1951. Defendants appealed from this final decree.

As was previously stated, the limited purpose of the order entered in the prior appeal in this case was to have the chancellor take additional testimony to aid

in the construction of the words "voluntary quitting" in the collective bargaining agreement. Appellants do not contend that there is insufficient evidence to support findings of fact 20 and 21, supra. By their additional exceptions (filed over six weeks after the expiration of the ten day period allowed by the Equity Rules then in effect) and by their petition to amend their original answer, defendants attempt to raise the following issues: (1) On March 17, 1949, the collective bargaining agreement then in force was modified so that supervisory employes thereafter downgraded would not resume their former seniority status; (2) plaintiffs failed to exhaust the grievance remedies provided for in the collective bargaining agreement; (3) Vulcan Iron Works is a necessary party; and (4) the trial court has no jurisdiction.

Equity Rule 69, which was in effect at the time the exceptions were filed by defendants, provided that exceptions could be filed within ten days following notice of the entry of the decree *nisi* and that ". . . Objections not covered by the exceptions filed shall be deemed waived, and shall not thereafter be made the subject of controversy, either in the trial court or on appeal, unless, prior to final decree, upon cause shown, exceptions covering such matters are permitted to be filed nunc pro tunc.". Since the additional exceptions were filed by defendants long after the expiration of the ten day period allowed by the Equity Rules, the question of whether those exceptions be permitted to be filed *nunc pro tunc* was a matter within the discretion of the chancellor. The only question before this Court is whether or not the chancellor abused his discretion: *Pokrzywnicki v. Kozak, Jr., et al.,* 353 Pa. 5, 44 A. 2d 247. Defendants assigned no reason for their two month delay in filing their additional exceptions, and did not even request that they be permitted to file

them *nunc pro tunc.* Under the facts of this case, the chancellor clearly did not abuse his discretion and those objections which may be waived were waived by defendants when they were not included in the exceptions originally filed. Nor was there any abuse of discretion when the chancellor refused to allow defendants to amend their answer at this late date.

The question of the jurisdiction of the court over the subject matter of the dispute may be raised at any time and must be considered by the court. Appellants contend that since appellees' claim for relief is based upon (1) conduct of the union which was unjust discrimination and malicious interference with appellees' employment rights, and (2) a denial of seniority rights established by a collective bargaining agreement, the National Labor Relations Board or Federal Courts have exclusive jurisdiction. Appellants' contention is based upon their construction of the Labor Management Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. §141 *et seq.,* in which they claim Congress indicated its intention to establish the federal forum as the exclusive one to decide these questions.

The question of federal jurisdiction in labor disputes arises only when the employer is engaged in interstate commerce or when his business substantially affects interstate commerce: *National Labor Relations Board v. Denver Building & Construction Trades Council, et al.,* 341 U. S. 675, 683. See also *Garner v. Teamsters, Chauffeurs and Helpers, Local Union No. 776,* 373 Pa. 19, 94 A. 2d 893. The record in this case, as compiled in the court below, does not clearly disclose the extent or even the existence of interstate commerce engaged in or affected by the operation of Vulcan Iron Works. In order to oust this Court of jurisdiction, particularly on the second appeal of this case, appellants had the burden of establishing facts which would show

the interstate character of the business involved. Since such facts do not appear in the record, there is no reason why this Court should at this point assume that it has no jurisdiction.

From the facts previously stated it is apparent that the plaintiffs were promoted from machinists to foremen while the 1943 or 1945 labor agreements were in force, and that until the time of their promotions they had been members of defendant union. Their seniority rights became vested at that time. Any subsequent agreement or modification, if there was one, could not affect previously acquired rights.

The issue then resolves itself into whether there had been a "voluntary quitting" within the meaning of the 1943 and 1945 collective bargaining agreements when the plaintiffs were upgraded to the position of foremen. Findings of fact 20 and 21 in the amended and supplemental adjudication, which were previously quoted, indicate that there is nothing to cast any doubt upon the effect intended to be given to the words "voluntary quitting". Seniority was to cease when an employe voluntarily separated himself from his employment at the Vulcan Iron Works, and was not intended to include a promotion from machinist to foreman for the same employer. Since plaintiffs had acquired seniority rights as machinists under the 1943 and 1945 collective bargaining agreements, the defendant union unjustly interfered with those rights when it requested or required the employer to discharge them and the decree of the court below was properly entered.

Decree affirmed, appellants to pay the costs.

Mr. Justice MUSMANNO dissents.