## Schupeltz et ux. v. Borough of Hatboro

230

*W. Edward Bushong, Jr.*, for petitioners.
*Edward B. Duffy*, for defendants.

FORREST, J., July 28, 1955.—The Borough of Hatboro has filed eight exceptions to the report of a jury of view appointed by this court on the petition of H. Richard Schupeltz and Dorothy M. Schupeltz for an assessment of damages occurring by reason of the taking of a strip of petitioners' land under an ordinance of the borough adopting the plans of the State Highway Department for the widening of Warminster Avenue. In exception no. 1 the borough contends that the court of quarter sessions of the peace lacks jurisdiction and that the proceedings should have been brought in the court of common pleas pursuant to the provisions of the Act of May 4, 1927, P. L. 519, sec. 1420, as amended July 10, 1947, P. L. 1621, sec. 43, 53 PS §13, 461. That act reads as follows:

"Except as otherwise provided in this act, in case the compensation for damages or benefits accruing from the exercise of the right of eminent domain . . . has not been agreed upon, the court of common pleas . . . on application thereto by petition by the borough or any person interested, shall appoint three viewers . . ."

However, the so-called General Road Law of June 13, 1836, P. L. 551, sec. 1, as amended by the Act of April 27, 1911, P. L. 95, sec. 1, 36 PS §1781, conferred jurisdiction on the quarter sessions court to appoint viewers to view real estate taken for roads within the county. Furthermore, section 1620 of the Act of 1927, supra, as amended by section 46 of the Act of 1947, 53 PS §13591, provides that:

"All streets partly within a borough, where one of the termini of such street is without the borough, shall be laid out, widened, changed or vacated only by the court of quarter sessions in the manner provided by the general road law and the amendments, additions and supplements thereto."

Also, as set forth in 53 PS §13594, that:

"Petitions for the assessment of damages for the opening or widening of any such road . . . may be filed in the court of quarter sessions, within the period of six years from the confirmation of any report or the entry of any decree opening such road."

If one of the termini of the street as of the date of the exercise of the right of eminent domain was without the borough, the quarter sessions court has exclusive jurisdiction to appoint the jury of view; otherwise the court of common pleas has jurisdiction. See Somerset and Stoystown Road, 74 Pa. 61 (1873); St. David's Church v. Sayen, 244 Pa. 300 (1914); Adamstown Borough v. Hartman (No. 2), 37 Lanc. 267 (1920). See also Turkey Run Fuels, Inc., Appeal, 173 Pa. Superior Ct. 76 (1953).

Generally, the question of jurisdiction over the subject matter of a dispute may be raised at any time and must be considered by the court: Haefele v. David, 373 Pa. 34 (1953). "It must be recognized that jurisdiction of the subject matter cannot be conferred upon a court by agreement" or "by estoppel": Schleifer v. Zoning Board of Adjustment, 374 Pa. 277, 280 (1953). On the other hand, it has been said that "it is too late to raise the objection that the proceedings should have been in the Quarter Sessions rather than the Common Pleas where the matter is one which is within the general jurisdiction of the Common Pleas and the objection is raised for the first time when the appeal to the Common Pleas for a jury trial has been made": 14 Standard Pa. Practice, 220. See also Larkin v. Scranton, 162 Pa. 289, 293 (1894), where it was said:

"As in Wilson v. Scranton, 141 Pa. 621 and Ogden v. Philadelphia, 143 Pa. 430, the subject matter was one within the general jurisdiction of the court, and the parties by their conduct had waived the right to object that they were not properly before it."

In this case the jury of view was appointed upon a petition which was silent as to whether one of the termini of the street was without the borough. If the borough had desired to object on the ground of want of jurisdiction, it could have petitioned for the vacation of the appointment of the jury of view. Instead counsel for the borough appeared at the hearing before the jury of view, cross-examined witnesses for petitioners, and submitted testimony of a real estate expert in refutation of the evidence of petitioners. In view of the borough's acquiescence in these proceedings to and including the time of the hearing before the jury of view, any jurisdictional defect has been waived. The same viewers would be appointed and the same damages allowed, whether the proceedings were

in the quarter sessions or in common pleas. It is a matter of tweedle-dee and tweedle-dum. Therefore, exception no. 1 should be dismissed.

The borough has excepted secondly and thirdly to the failure of the viewers to prepare a schedule of damages and benefits and to the failure to fix a time and place for a hearing of exceptions to such schedule. Section 43 of the Act of 1947, supra, 53 PS §13467, specifically requires the preparation of such schedule, and the giving of notice of a time and place for such hearing. Accordingly these exceptions will be sustained.

The fourth exception is that the report was filed prematurely. Insofar as the exception relates to the noncompliance with the statutory procedure it should be sustained.

Fifth, the borough excepts for the reason that the viewers failed to take account of the benefits accruing to the premises by reason of the municipal improvements which occasioned the proceedings. Section 43 of the Act of 1947, supra, 53 PS §13467, directs that:

"The viewers shall make a separate report of the damages and benefits, respectively. If the damages to the land or property of any person be greater than the benefits, or if the benefits be greater than the damages or if the damages and benefits be equal, the viewers shall strike a balance and carry the difference forward to another column, so that the assessment shall show what amount is to be received or paid by the land or property owner . . ."

For the reason that the viewers neglected to follow this procedure, the exception should be sustained.

The borough by its sixth exception contends that the viewers awarded an excessive amount of damages. Because of the viewers' noncompliance with the Act of 1947, as mentioned above, this exception will be overruled without prejudice. However, the borough

234

correctly contended in its eighth exception, citing section 43 of the Act of 1947, 53 PS §13433, that the amount ultimately payable to the property owners will be the difference between the value of the entire property immediately before the exercise of the right of eminent domain and the value of the property remaining immediately thereafter. Expenditures for the protection of the remaining property necessitated by the taking are to be considered only insofar as they have a bearing upon the value of such property.

The viewers in determining allowable damages included interest from the date of condemnation. Section 44 of the Act of 1947, 53 PS §13495, calls for interest from the date of the filing of the report, as pointed out in the borough's seventh exception which should be sustained.

### Order

And now, July 28, 1955, exceptions nos. 2, 3, 4, 5, 7 and 8 to the report of the jury of view are sustained; exceptions nos. 1 and 6 are overruled, the latter without prejudice, and the case is remanded to the jury of view for further proceedings in conformity with the foregoing opinion and this order.