## Haefele v. Davis

*Max Rosenn,* for plaintiffs.

*Sidney G. Handler, Donn I. Cohen,* and *James P. Costello, Jr.,* for defendants.

APONICK, J., January 31, 1958.—This matter comes before the court on a complaint in equity and preliminary objections thereto, as an outgrowth of the case of Haefele v. Davis, instituted to no. 17, October term, 1949, in equity, and affirmed by the Supreme Court in 373 Pa. 34. The underlying facts as to the cause of action are set forth in that opinion of the Supreme Court. That action was instituted to obtain an injunction restraining defendants from interfering with plaintiff's employment with Vulcan Iron Works, with their seniority rights acquired in the same company,

membership in defendant union and for damages for loss of earnings.

That case was tried on bill and answer and a final decree dismissing the bill was entered, whereupon an appeal was taken to the Supreme Court. That court reversed this court and remanded the record for further proceedings: 368 Pa. 23. Further evidence was offered in this court by both parties before the same chancellor, President Judge Valentine. By an amended adjudication, the chancellor entered a decree nisi in favor of plaintiffs and against all of defendants enjoining them from interfering with plaintiffs' employment with Vulcan Iron Works, or their seniority rights acquired in said company, and assessed damages to the date of hearing in the amount of $5,475.81. Exceptions to the decree nisi were filed by defendants and dismissed by the court en banc and a final decree was entered. Defendants thereupon appealed to the Supreme Court and the decree was affirmed: 373 Pa. 34. Thereafter, defendants petitioned the Supreme Court for a reargument, which application was refused.

Following the refusal of the reargument, plaintiffs proceeded to enforce the decree of the court as affirmed by the Supreme Court. Defendants refused to comply with the decree and applied to the chancellor, President Judge Valentine, for a rule upon plaintiffs, directing them to show cause why the decree should not be opened to permit defendants to offer additional evidence for the purpose of establishing that the court lacked jurisdiction. The chancellor refused to grant the rule, and defendants appealed to the Supreme Court, where the action of the chancellor was affirmed: 380 Pa. 94.

After the judgment entered to no. 17, October term, 1949, in equity, had been finally affirmed by the Supreme Court, the damages awarded by Judge Valentine were paid and the judgment satisfied. This action was started after the satisfaction of that judgment.

The complaint recites the factual background set forth in the opinion of the Supreme Court in 373 Pa. 34, and then recites the numerous procedural steps which we have set forth above. The complaint then alleges as follows:

"13. That as a result of the aforesaid proceedings and the appeals taken by the defendants to the Supreme Court of Pennsylvania, the plaintiffs in said proceedings were not reinstated to employment by virtue of the decree of Your Honorable Court until April 7, 1952, as a consequence of which they suffered a loss of additional earnings as a result of the unlawful, arbitrary and malicious action of the defendants, as follows: . . .

"14. That the plaintiffs in said proceedings made demand upon the said defendants for the payment for the aforesaid loss of earning, but the defendants refused to pay the same or any part thereof.

"Wherefore, the plaintiffs herein pray that the damages sustained by them as aforesaid be ascertained and assessed, and that the defendants jointly and severally be ordered and decreed to pay the amounts thereof as aforesaid, together with interest thereon on each weekly earning, and for such other and further relief as the circumstances may require and to the Court may seem satisfactory to decree."

Defendants have filed preliminary objections, both as to the jurisdiction of this court to entertain this action, and in the nature of a general demurrer to the complaint, for failure to state a cause of action, together with certain other separate defenses.

The first and most serious question that is now before us is whether plaintiffs can bring this action to cover further damages, having been awarded damages in the action to no. 17, October term, 1949, and having satisfied the judgment entered thereon. It is plaintiffs' contention that this is not an original action, although filed to a new number and term, but that it is in the

nature of supplementary relief to give full effect to the decree entered to no. 17, October term, 1949. Defendants, on the other hand, contend that it is an original action, based upon a cause of action already decided by this court and, therefore, that it is res adjudicata.

The very question now before us was before this court in Dorrington v. Manning, 38 Luz. 175. In that case, plaintiffs, former employes of Frank Martz Coach Company, Inc., brought suit against officers of the Amalgamated Association of Street, Electric Railway and Motor Coach Employes of America for being unlawfully deprived of their positions. This court entered judgment for plaintiffs for the amount of wages they had lost by reason of the acts of defendants. The judgment was affirmed on appeal to the Superior Court. Plaintiffs then brought another action in equity to another term and number, seeking to recover the earnings they had lost from the time of trial to the time of their reinstatement by the coach company. Defendants, contending that the court had no jurisdiction to entertain the second action, filed preliminary objections. These were overruled in an opinion by Judge Fine, in which he said:

"Simply stated this proceeding is supplementary to that action and seeks to recover damages represented by loss of wages for the period from August 12, 1937, the date of the final hearing in that proceeding, to the date of restoration to employment on July 5, 1939.

"As a general rule, where equity has taken jurisdiction for the purpose of granting injunctive relief it will proceed to round out the whole circle of controversy by deciding every other contention connected with the subject matter of the suit and by granting whatever relief is necessary for a full disposition of the case, which may include the determination of the amount of damages to which the plaintiff is entitled because of in-

juries already sustained. When, therefore, the plaintiff's right to an injunction is established, an account of the damages sustained follows as an incident to avoid a multiplicity of suits. The courts go even further in order to prevent a multitude of actions and hold that once equity has assumed jurisdiction, it will retain it and grant complete relief even though it ultimately results merely in a money decree. See, 8 Standard Pennsylvania Practice, page 370.

"The instant bill of complaint seeks only to implement the decree of the court of equity in the former proceeding. The purpose is to complete the circle and round out the controversy. Equity rightfully took charge of the cause of action at the outset and has been affirmed by the appellate courts; equity has rightfully charge of it now; equity will continue it until every matter whether it be of remedy or a distinct but connected topic of dispute involved in the controversy, and of itself within equitable jurisdiction, has been decided. In Winton's Appeal, 97 Pa. 385, which was an appeal from this county, it was held that a supplemental bill in aid of a final decree in equity, whose object is to compel the carrying out of the decree, and give full and complete effect to it, should be entertained; and that where a court of equity has once obtained jurisdiction of a subject, it has power to enforce its own decree in reference thereto, without being obliged to have recourse to the law court. At page 394, the Supreme Court said: 'The plaintiff has mistaken the powers of a court of equity. It is not so helpless as he imagines. When once it has a case within its grasp it has all the authority necessary to a full disposition of all the questions arising therein. In doing so it has no occasion to call to its aid the assistance of a court of law. Its remedies are plastic, and may be moulded to meet the exigencies of the case.'

"When a court of equity once obtains jurisdiction of a subject it will comprehend and decide all incidental matters necessary to enable it to make a full and final determination of the whole controversy. That this is the rule is beyond question, and numerous authorities might be cited were it necessary.

"We consider the present bill of complaint as being incidental and supplementary to the equity proceedings to No. 6, July term, 1937."

If the doctrine of stare decisis is to mean anything, we must follow the decision of that case, and we must overrule the plea of res adjudicata in this case, for we have seldom found two cases more nearly identical on the facts. Furthermore, we think both the reasoning and decision of that case are correct and the plea of res adjudicata is overruled.

Defendants contend that plaintiffs should not be permitted to maintain this action because they did not file exceptions to the decree of the court to no. 17, October term, 1949, and failed to advise the court that further damages had accrued. With this contention we do not agree. The decision of the court in that case, as affirmed by the Supreme Court, was correct and awarded all the damages that had accrued to the date of the hearing. There was no necessity, at that time, for raising the question. We think it was proper for plaintiffs to wait until the litigation had been finally determined and they had been restored to their positions.

Defendants raise the defense that plaintiffs have an adequate remedy at law. That contention is fully answered by the case of Dorrington v. Manning, supra.

The next objection to this action raised by defendants is that the Vulcan Iron Works is a necessary and essential party. A reading of the portions of the complaint quoted above will give the answer to this proposition. Plaintiffs allege that it was the acts of defend-

ants which prevented their reinstatement and the proof of that is that they were so reinstated immediately upon final determination of the case upon appeal. It was the act of defendants in appealing, not any act of the Vulcan Iron Works, that caused the loss of earnings now sued for.

Defendants contend that plaintiffs cannot maintain this action until they have exhausted their remedies under the contract between the union and the Vulcan Iron Works. This being only a supplementary proceeding to the original action and that question not having been raised in that action, we think that this contention is made too late. It goes to a matter of substance and the Supreme Court has ruled that plaintiffs can recover. The only question in this case is that of damages.

Defendants plead that this action is barred because of the statute of limitations. The last tortious act of defendants was September 9, 1949, and this action was not instituted until December 29, 1955, more than six years thereafter. If this were an original suit upon the original cause of action, defendants' position would have some merit but, as we have pointed out, it is only auxiliary to a suit which was brought in time and, therefore, the lapse of time has no bearing.

Defendants argued at great length that this court lacks jurisdiction because the rights alleged and the relief sought is governed by Federal statute. Defendants contend that the Vulcan Iron Works was engaged in interstate commerce and, therefore, this action belongs in the Federal courts. The same question was raised and determined by the Supreme Court on two of the three appeals: 373 Pa. 34 and 380 Pa. 94. It is now res adjudicata because this proceeding is merely supplementary to the case then before the Supreme Court. This was recognized by Judge Pinola, in this case, when he issued a protective order restraining de-

fendants from taking any testimony in discovery proceedings relating to that question.

For the foregoing reasons, the preliminary objections must be overruled.

Accordingly, the preliminary objections are overruled and defendants are given 20 days from the date of this order to plead to the merits.