## JOHANNA O'BRIEN, EXRX., v. THE P. S. V. R. CO.

ERROR TO THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 1, 1888—Decided March 12, 1888.

1. The right of action for consequential injuries caused by the construction or enlargement of their works, etc., by municipal and other corporations, and which are within the provisions of § 8, article XVI., of the constitution, accrues when the particular part of the work causing the injury is actually undertaken.

2. The action is for consequential damages on the principles of the common law, but the right of action in advance of the actual injury is conferred by the constitutional provision referred to, distinguishing the case from Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 410.

3. The question whether a landowner, by the construction of a railroad across a borough street in front of his property. suffered any injury peculiar to himself and differing in kind and degree from that sustained by the general public, was not raised by the assignments of error.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 125 January Term 1888, Sup. Ct.; court below, No. 108 March Term 1886.

On February 18, 1886, Johanna O'Brien, executrix of the last will and testament of Jeremiah O'Brien, deceased, brought an action in case against the Pennsylvania Schuylkill Valley Railroad Company to recover damages for injuries caused to real estate of said deceased in the borough of Conshohocken, by the construction of the roadway of the company through said borough.

At the trial on September 21, 1887, testimony was introduced showing that prior to November 17, 1883, the defendant company, in the construction of their roadway began the excavation of a deep cut across Forrest and Oak streets, in said borough. At Forrest street the cut was about 22 feet deep, afterwards bridged over. At Oak street the cut was about 16 feet deep, and was not bridged over afterwards. Jeremiah

Charge of Court below.

O'Brien died on November 17, 1883, and the testimony tended to show that the roadway of defendant company was not completed until during the following spring or summer.

So far as related to the question raised here, the court, SWARTZ, J., charged the jury as follows :

It was by reason of the excavation on Oak street, and this increased difficulty of passage for vehicles and persons on Forrest street, that the injury was occasioned to the properties described in the plaintiff's declaration. The first question for you to determine is, whether these premises were damaged by the construction of the railroad. If you find that they were, the next question for you to determine is, to whom the damages should be assessed or awarded. [I instruct you, that the person who was the owner of the property at the time the railroad company constructed its railway over Oak street and over Forrest street, is the party who is entitled to recover the damages ; by that I mean the party who owned the property at the completion of that part of the railway that caused the injury whereof complaint is now made. That is, it may not have been the entire completion of the railway; the railroad company may not have commenced to run its trains ; but it is the completion of that part of the road on Oak street which caused the injury whereof complaint is now made. It will be important for you to determine, under this ruling of the court, who was the owner of the property at the time the railroad was completed at Oak street and at Forrest street in such manner as to occasion the damages for which the complaint is brought.] [1] You will remember the testimony of Chislett, who says that this bridge was constructed in the summer and fall of 1883 ; that he worked at the bridge at Forrest street in October, and that the railroad was built at Oak street first ; the work was done towards Philadelphia. You also have the testimony of the contractor, John T. Dyer, who says the work was done between the beginning of November, and, if I mistake not, about the beginning of April. You also have the testimony of Wm. Haywood, who says the work was commenced some time in October, and thinks it was completed about the first of April. It will be for you to determine from this testimony when it was that the work was done. When

was the work completed by the railroad company which caused these injuries, if injuries were caused? If you find that it was prior to November 17, 1883, then I charge you that the damages, if any, are to be assessed to the plaintiff in this case. [If you find that the obstruction and excavation in Oak street which caused injury to these properties were not completed on the 17th day of November, 1883, then the plaintiff cannot recover any damages from the obstruction in Oak street in this case.][2] In the same way, if you find that the obstruction, which it is claimed caused the injury of the properties on Forrest street, was not there prior to the 17th day of November, there can be no recovery for injury by reason of that obstruction, in this suit. If the court is in error on these points, there is a higher tribunal that will make the correction, if such error will do injustice to one party or the other; but, it is important for you to determine carefully this point, because if Jeremiah O'Brien was living when these injuries were done, then his executrix ought to have the money, if you find damages. If Jeremiah O'Brien was not living when these injuries were done, if you find damages, and that other parties became the owners, and were the owners when the injury was done, then they ought to have the damages. . . . . .

The defendant requests me to charge you as follows:

1. The uncontradicted evidence in this case being that the damages, if any, sustained by the plaintiff, are occasioned by the excavations and embankments made by the defendant in the construction of the railroad at Forrest and Oak streets, there can be no recovery by the plaintiff in this suit.

Answer: This is refused, but reserved by the court. This is a question of law and the court will pass upon it hereafter, after having obtained all the light that can be gained on the subject.

2. If the jury find that the excavation and the bridge were made and built after November 17, 1883, the date of the death of Jeremiah O'Brien, the plaintiff cannot maintain this suit as executrix.

Answer: This is true. She would not be entitled to recover.[3]

3. The damages, if any, can only be recovered in this case up to the death of Jeremiah O'Brien, after which date, if any injury was sustained, the damages belong to the heirs who are not parties to this suit.

Answer: Refused. All the damages suffered by the properties described in the plaintiff's declaration, in consequence of the construction of the defendant's railroad at Forrest and Oak streets are payable to this plaintiff, if Jeremiah O'Brien survived the construction of the defendant's railroad. If he did not so survive, then there can be no recovery in this case.

The verdict of the jury was as follows : "We cannot find a verdict in favor of the plaintiff, as no damage was done previous to November 17, 1883, and therefore we find verdict in favor of defendant." Judgment having been entered for the defendant the plaintiff took this writ, assigning for error :

1, 2. The parts of the charge embraced in [ ] [1] [2]

3. The answer to the defendant's second point.[3]

*Mr. Charles Hunsicker* (with him *Mr. Henry M. Tracy*), for the plaintiff in error :

1. Under the general railroad law of 1849, the right of action accrues immediately upon the location of the route; or, in other words, when the survey is made, the route established and stakes driven, then there is a taking under the statute, and the right of action accrues : Wadhams v. Railroad Co., 42 Pa. 310 ; Beale v. Railroad Co., 86 Pa. 509 ; Neal v. Railroad Co., 2 Gr. 137. The language of § 1, act of March 17, 1869, P. L. 12, relative to the enlargement and improvement of railroads, is, "that before any such company shall enter, etc., they shall make ample compensation," etc. So that the language of the statutes and the language of the new constitution is in effect the same : "The compensation shall be paid before the taking, injury or destruction." The jury are to consider the matter of damages just as if they were called upon to value the injury the moment when compensation could first be demanded : Buckwalter v. Black Rock Bridge Co., 38 Pa. 281 ; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 421.

*Mr. Charles S. Stinson*, for the defendant in error :

1. Here there was no taking, no injury or destruction done, in the lifetime of the decedent. The location could in no way disclose that the decedent's property would be in any way affected by the construction of the railroad. Hence, it is not

necessary to take issue with the plaintiff on the cases cited under the act of 1849.

2. This was a suit not under the statute, but a common law action for consequential damages. Whether any injury was done by the defendant company is a question to be hereafter determined, but the verdict of the jury settled the fact that no injury had been done in the lifetime of the decedent. The point of time at which the jury were to estimate the damage as having been suffered, was, "indisputably, at the time when the injury complained of was completed:" Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 422.

OPINION, MR. JUSTICE CLARK:

This action on the case was brought by Johanna O'Brien, executrix of the last will and testament of Jeremiah O'Brien, deceased, to recover damages for an alleged consequential injury to certain real property of said Jeremiah O'Brien, in Conshohocken, arising out of the location and construction of the Pennsylvania Schuylkill Valley Railroad. The railroad, which was located upon the company's own ground, runs through Conshohocken, in a northwesterly direction, parallel with, but north of, Marble street, crossing at right angles Maple, Oak, Forrest and Fayette streets. O'Brien's property consisted of a lot on the corner of Marble and Forrest, and other lots adjoining on the south; also another lot on Oak street, some distance south of Marble. Thus, it will be observed, the railroad was north and O'Brien's properties were all south of Marble street.

The grade of the railroad required an excavation of some thirteen or fourteen feet to be made at the several street crossings. When the work was commenced, a temporary bridge was thrown over Oak street, until the entire excavation was complete, when a permanent bridge was built over Forrest; then the temporary structure over Oak was removed, the street fenced across, and it so remains. The bridge over Forrest is elevated several feet above the grade line of the street, and the approach is so steep and difficult as to greatly impede and obstruct travel over it. The plaintiff in her declaration complains in substance, that by reason of the premises the streets and highways mentioned are obstructed,

reasonable access to the plaintiff's property prevented, the property rendered inconvenient for use as a habitation, and the value thereof greatly depreciated; and, although no part of the property has been taken, yet, she alleges that in consequence of the construction of the road, it has been injured and in great measure destroyed.

Jeremiah O'Brien died on November 17, 1883, and it seems to be conceded that the railroad had been located, and the excavation of these streets commenced before that date, but the work was not completed until about April 1, 1884. The court instructed the jury, if they should find that the excavation was made, and the bridge built after the death of O'Brien, the plaintiff could not maintain her suit as executrix. " I instruct you," says the learned judge, " that the person who was the owner of the property at the time the railroad company constructed its railway over Oak street and over Forrest street, is the party who is entitled to recover the damages; and by that I mean the party who owned the property at the completion of that part of the railway that caused the injury, whereof complaint is now made. . . . . It will be important for you to determine under this ruling of the court, who was the owner of the property at the time the railroad was completed at Oak street and at Forrest street, in such manner as to occasion the damages for which the complaint is brought. . . . . If you find that the obstruction or excavation in Oak street, which caused injury to these properties, was not completed on November 17, 1883, then the plaintiff cannot recover any damages for the obstruction of Oak street in this case."

This instruction of the court is the only error assigned. No other question affecting the plaintiff's right to recover is raised on this record. The right of action is based on the eighth section of the sixteenth article of the new constitution, which provides that: " Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured, or destroyed by the construction or enlargement of their works, highways, or improvements, which compensation shall be paid or secured before such taking, injury or destruction." The provision for an actual taking, it will be observed, is precisely the same as for a consequential injury to

property; the section applies equally and alike in both cases. If O'Brien's property has been injured within the meaning of this section of the constitution, it is plain that the compensation was payable before the injury was done, and the right of action certainly accrued at the time the compensation was to be made. The provisions of the constitution are, in this respect, analogous to those of the general railroad law of February 19, 1849, which provides "that before such company shall enter upon, or take possession of any such lands or material, they shall make ample compensation to the owner, or owners thereof, or tender adequate security therefor."

It has been repeatedly held, construing this act of 1849, that when the railroad has been located, the land has been taken and appropriated for public use; that the right of the landowner to sue for his damages is complete, and he may recover all which may be caused by the location and by the subsequent construction; that he can have but one action, and that the damages cannot be severed: Wadhams v. Railroad Co., 42 Pa. 310; Beale v. Penn. R. Co., 86 Pa. 509. The constitutional provision must, we think, receive a similar construction. If the damages must be paid or secured before the injury, it follows, that as soon as the work is actually undertaken at the point where the injury is done, according to the plans and purposes of the company, as defined by their location, grade, and general scheme of construction, the injury is complete; and, if the damages are neither paid nor secured, an action may be maintained for the damages consequent upon the completion of the road in accordance therewith.

The action is not for an ordinary trespass; no actual trespass was committed; the injury, if any, is purely consequential. It is an injury arising from the proposed construction and completion of the road, which has been already undertaken; it is a single injury entire and indivisible, and the damages cannot be severed. There can, therefore, be but one action, and that action, as we have said, may be brought as soon as the work which results in the injury complained of, is undertaken. It is not in conformity with either the letter or the spirit of the constitution to hold that the right of action shall be postponed until the injury is complete, for the provision is plain that "the compensation shall be paid or secured before

the taking, injury, or destruction." Moreover, if the right of action be thus postponed, it would be in the power of the company, by a tardy performance, to delay the action indefinitely.

The action is for consequential damages on the principles of the common law, but the right of action, in advance of the injury, is conferred by the provisions of the constitution, and in this respect, the present case differs from the Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 410. The case of Buckwalter v. Black Rock Bridge Co., 38 Pa. 281, is more in accord with the facts and principles of this case. In that case, the charter of the bridge company provided, in a certain contingency, for the payment of consequential damages to the owner of a ferry over the stream upon which the bridge was to be built. It provided for the assessment of all damages which the owner of the ferry "shall sustain by reason of the erection of the said bridge"; which damages, it was provided, should "be paid by the said company before the erection of said bridge." The damages were assessed before the work began, but were estimated according to the injury which the ferryman would sustain when the work was complete.

Whether Jeremiah O'Brien, by the construction of this railroad, suffered any injury, peculiar to himself, and different in kind and degree from that which is sustained by the general public, is a question not raised by the assignments of error. That question is, therefore, not before us; all that we do decide is, that if the injury is such as was contemplated by the constitution, the right of action accrued when this particular part of the work was actually undertaken.

The judgment is therefore reversed, and a venire facias de novo awarded.