## Harris *v.* Brewster.   Perkins's Appeal.

*Ownership of fund raised by condemnation proceedings—Title—Action—Right of creditor to intervene.*

Where an attorney at law employed in condemnation proceedings refuses to pay the proceeds of the land to the apparent owner in whose name it has been condemned, and upon suit brought pays the money into court, a judgment creditor of a person who is alleged to be the real owner will not be permitted to intervene in the proceeding, as the title to the real estate cannot be settled in such a way.

Argued Jan. 4, 1893.   Appeal, No. 398, Jan. T., 1892, by Samuel C. Perkins, from order of C. P. No. 2, Phila. Co., Dec. T., 1891, No. 398, discharging rule to show cause why he should not be allowed to intervene in the case of Amanda G. Harris v. F. E. Brewster.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Petition for rule to intervene.

The petition averred that on Jan. 17, 1888, petitioner recovered against Henry G. Harris, son of defendant, a judgment for $475.97, upon which a fi. fa. issued Nov. 3, 1888, which was returned "nulla bona."   That $2,642.65, paid into court in the case of Amanda G. Harris v. F. E. Brewster are proceeds of lands really belonging to said H. G. Harris, taken by the Schuylkill River, etc. Railroad, and that H. G. Harris is beneficially interested in the whole moneys paid into court.   That said moneys cannot be reached by attachment execution, and if allowed to be taken out by Amanda G. Harris will be so for use and benefit of H. G. Harris and not applied to payment of his debts.   The prayer was that the moneys be retained in court, and petitioner allowed to intervene, and an issue awarded

to determine the ownership of said moneys, and if found to be in H. G. Harris, that petitioner's judgment against him be paid thereout, and general relief.

The answer which was made by H. G. Harris alleged that he had no interest in said moneys, and since October, 1885, has had no interest in the land or any proceeds thereof; that he believed that said moneys belong to the said railroad until received and accepted by said Amanda G. Harris; and, except as attorney for her, he had no interest in the proceedings pending by said railroad to acquire her land.

The court granted a rule to show cause, which it subsequently discharged.

*Error assigned* was order discharging rule.

*Wm. H. Burnett, Samuel C. Perkins* with him, for appellant, cited Wilbraham v. Horrocks, 8 W. N. 285; Wallace v. Clingen, 9 Pa. 49; Brownfield v. Canon, 25 Pa. 299; Pennypacker's Ap., 57 Pa. 114.

*Henry G. Harris*, for appellee.

PER CURIAM, January 16, 1893:

It appears that the fund in court is the proceeds of certain land condemned by the Schuylkill River Railroad Company in a proceeding against Amanda G. Harris. The appellant alleges that he has recovered a judgment against Henry G. Harris, a son of Amanda G. Harris; and that the said H. G. Harris is beneficially interested in the money paid into court for the reason that he was the real owner of the land taken by the railroad company. We do not understand how the title of Henry G. Harris to the real estate in controversy can be settled in this proceeding. It has been condemned as the property of Amanda G. Harris, and if she was not the owner the railroad company get no title. The latter cannot condemn the property of Henry G. Harris upon a proceeding against his mother. If the title was in him at the time of the condemnation it is in him still for anything that appears, and the appellant can proceed against it upon his judgment. As the case appears to us he has no standing to intervene in this proceeding, and the order of the court below, discharging his rule to show cause, is

Affirmed.