## Howley v. Pittsburg, Appellant.

*Road law—Grading street—Right to damages.*

An owner of land, who acquires title after the passage of an ordinance authorizing the grading of a street, can recover for the injury to his property caused by the grading. It is the physical change and not the mere establishment of a grade on the official plans that gives a right of action.

After an ordinance had been passed authorizing the grading of a street, and after a contract had been entered into for doing the work, but before the work was actually begun, a conveyance was made of the land on which the street was laid out. After the work was completed the city applied for the appointment of viewers to estimate and determine damages and benefits. The viewers assessed benefits and refused damages, and the new owner of the property appealed. The city made no denial of the right of the new owner to recover damages if her property had been injured, and no one else intervened and objected that she was not the party entitled to recover. An issue was framed and a verdict rendered in favor of the owner. *Held* (1) that apart from the Acts of May 16, 1891, P. L. 75, and May 26, 1891, P. L. 117, the new owner was entitled to recover, as the viewers were appointed after the grading was done; (2) that the city had no standing, under the circumstances, to object to the new owner's recovery.

Argued Oct. 29, 1902. Appeal, No. 72, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1900, No. 55, on verdict for plaintiff in case of Nellie G. Howley v. Pittsburg. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from award of viewers.

From the record it appeared that the grade of Beacon street was established on January 6, 1896, and an ordinance authoriz-

ing and directing the actual work of grading was approved on July 13, 1896 ; and a contract in accordance with said ordinance was awarded for the work of grading on June 14, 1897, and approved by councils on July 21, 1897.   The work was begun on August 10, 1898, and completed on June 7, 1899. After the time of the passage of the various ordinances relating to this street, including the ordinance for the grading of the street, and after the contract for the same had been let, but before the work of grading had actually begun, the plaintiff, Nellie G. Howley, acquired title to a tract of ground fronting about 400 feet on Beacon street.

Viewers appointed at the instance of the city refused the plaintiff damages and assessed benefits against her in the sum of $321.65.   Nellie G. Howley appealed from the award of the jury of view.   At the trial of the issue, William G. Howley, a witness for plaintiff, was asked this question :

" Q. Tell us what amount of damage has been sustained by this property by reason of the grading of the street, with reference to the time immediately after the grading was completed."

Objected to for the reason that under the evidence, Mrs. Howley did not become the owner of that property until December 33, 1897, and the ordinance for actual grading of the street, according to the evidence here, was passed and approved July 13, 1896.   Mrs. Howley, therefore, was not the proper party to claim damages in this proceeding for that property.

The Court : Objection overruled.

To which ruling of the court, counsel for defendant excepted.   Exception allowed and bill sealed. [1]

The Court: " Q. What was the difference between the market value before this work was done and immediately after?   A. I would consider it was about $10,000."

Verdict and judgment for plaintiff for $4,000.   Defendant appealed.

*Errors assigned* were (1, 2) ruling on evidence, quoting the bill of exceptions ; (3) refusal of binding instructions for defendant.

*A. M. Thompson,* assistant city solicitor, with him *T. D. Carnahan,* city solicitor, for appellant.—The acts of the city

in this case, prior to plaintiff's purchase, have the same effect as an opening ordinance: Act of May 26, 1891, P. L. 117; King v. Philadelphia Co., 154 Pa. 160; Witman v. Reading, 191 Pa. 134; Shields v. Pittsburg, 201 Pa. 328; Steel v. Huntingdon Borough, 191 Pa. 627.

For the purpose of the assessment of damages or benefits, that should be treated as done, which the municipality orders to be done: Campbell v. Philadelphia, 108 Pa. 300; In re Grape St., 103 Pa. 121; Philadelphia v. Wright, 100 Pa. 235.

*E. G. Ferguson*, with him *E. J. Kent* and *J. S. Ferguson*, for appellee.—This court has uniformly held that damages arising from the grading of a street accrue when the work is done on the ground and belong to him who is the owner of the abutting property at the time of the actual grading: Jones v. Borough of Bangor, 144 Pa. 638; Allegheny City v. King, 18 Pa. Superior Ct. 182; Ogden v. Philadelphia, 143 Pa. 430; O'Brien v. Philadelphia, 150 Pa. 589; Philadelphia Ball Club v. Philadelphia, 192 Pa. 632; Borough of Easton v. Walters, 18 W. N. C. 117; Borough of Freemansburg v. Rodgers, 8 At. Repr. 872; Borough of New Brighton v. Peirsol, 107 Pa. 280; In re Liberty Township Road, 23 Pa. C. C. Rep. 287; Clark v. Philadelphia, 171 Pa. 30.

The act of May 16, 1891, introduced no new rule for the measure of damage in the grade of streets. Before that act the viewers reported findings as to both benefits and damages in a single sum. Under the act of 1891 they report both matters separately, but the net result is the same: Dawson v. Pittsburg, 159 Pa. 317.

OPINION BY MR. JUSTICE FELL, January 5, 1903:

The assignments raise the single question whether an owner of land who acquired title after the passage of an ordinance authorizing the grading of a street can recover for the injury to his property caused by the grading. The rule established by our decisions is that it is the physical change and not the mere establishment of a grade on the official plans that gives a right of action, and that no damages are recoverable for a change of grade until the actual work on the ground is begun: In re Plan 166, 143 Pa. 414; Ogden v. Philadelphia, 143 Pa. 430;

Clark v. Philadelphia, 171 Pa. 30; Philadelphia Ball Club v. Philadelphia, 192 Pa. 632. From this rule it follows that the owner of the property at the time when the actual injury is done, is the person entitled to recover.

The appellant's contention is that as the Act of May 16, 1891, P. L. 75, provides for the appointment of viewers to assess damages before the entry and injury, and the Act of May 26, 1891, P. L. 117, requires that the awarding of damages for the opening or widening of a street shall include all damages due to the grading at which such street is to be opened or widened, a new rule is necessary, as the old rule is applicable only in cases where the grading has been done before viewers are appointed. And it is suggested that a rule fixing the date at which the work is ordered to be done as the date for the assessment of damages would be of uniform application and equitable to both parties, in not exposing the municipality to speculative damages for a change that might not be made, and in allowing compensation to the owner when the actual change is made on the land.

Whether the legislation of 1891 calls for a new rule for the assessment of damages caused by grading a street need not now be considered, as in this case the viewers were appointed after the grading was done, and the rule heretofore established can be applied to it. Moreover the defendant has no standing to interpose the objection urged against the right of the plaintiff to recover. The petition was filed by the city, and the viewers as required by the act of May 16, estimated and determined the damages and the benefits, and to whom and by whom they were payable. To this report no exceptions were filed, nor was an appeal taken by the city. The plaintiff appealed, and the issue framed was to determine what benefits, if any, had been received by her, and what damages, if any, she had sustained. The plea was that her property had been benefited " over and above all damages, and over and above the amount of special benefits assessed against the same." It made no denial of her right to recover damages if her property had been injured, and no one has intervened and objected that she is not the party entitled. The city by its own proceeding determined that her property was liable to assessment for benefits ; it cannot on her appeal from the finding attempt to hold her liable for the benefits and deny her right to damages, there being no intervening rights.

The judgment is affirmed.