## Louden et al. v. Juniata Borough.

*W. C. Fletcher,* for plaintiffs; *J. J. Haberstroh,* for defendant.

PATTERSON, P. J., July 31, 1928.—On Oct. 6, 1925, the Borough of Juniata condemned certain lands situate in Logan Township for water-shed purposes and named in said proceedings W. Hays Louden, David H. Baird and Carl J. Resig owners of the land. Viewers awarded $6000. Plaintiffs appealed to the Court of Common Pleas. An issue was framed, and after a trial by jury, Jan. 28, 1926, a verdict was rendered in the sum of $10,500 against the defendant borough and in favor of the plaintiffs, W. Hays Louden, David H. Baird and Carl J. Resig. On Jan. 15, 1927, after motion for new trial had been overruled, judgment was entered upon said verdict to No. 23, January Term, 1927, with interest from Jan. 28, 1926. On May 3, 1927, the plaintiffs

filed their petition for writ of mandamus execution on the defendant to enforce payment of said judgment, setting forth that said condemnation proceedings were regular and within the requirements of the law, and that no exceptions were filed thereto by any person. Defendant answered said petition and averred that W. Hays Louden, one of the plaintiffs, was the owner in fee of the lands known as the Loudon farm, which have been fully described in the proceedings, at the time of the condemnation and at the date of the passage of the ordinance of the defendant borough, to wit, Oct. 6, 1924. And that on May 12, 1924, the said W. Hays Louden conveyed, by article of agreement, all of the land described in the said condemnation proceeding to David H. Baird and Carl J. Resig, said article of agreement being recorded in the Office for the Recording of Deeds in and for Blair County in Deed Book, vol. 322, page 277. And averring that, notwithstanding the condemnation proceedings and the sale by article of agreement, the said W. Hays Louden conveyed, by general warranty deeds, three several lots from said Louden farm, to wit, one lot to J. H. Dodson, by deed dated July 9, 1924, and recorded on Aug. 30, 1924, in Deed Book, vol. 324, page 470, consideration $150; one lot to T. G. Smith, by deed dated July 1, 1924, recorded on July 31, 1924, in Deed Book, vol. 324, page 290, consideration $100; and one lot to Charles J. Kauffman, by deed dated Oct. 16, 1924, recorded on Oct. 18, 1924, in Deed Book, vol. 326, page 630, consideration $600; and that the defendant believed that the said J. H. Dodson, T. G. Smith and Charles F. Kauffman would demand damages for the appropriation of their respective lots, and said borough declared its intention of instituting interpleader proceedings to compel the said parties to intervene for the purpose of having their rights and amounts of said judgment determined. And as the municipality filed no bond and did not take actual possession of said premises, no interest should be allowed until a later date, when physical possession was taken.

On May 16, 1927, upon petition of defendant borough, a rule was awarded upon W. Hays Loudon, David H. Baird, Carl J. Resig, James H. Dodson, T. G. Smith and Charles F. Kauffman "to show cause why they and each of them should not interplead as to the respective amounts, if any, they and each of them are entitled to receive from the sum of $850.00 paid into court pursuant to the stipulation and agreement by and between W. I. Woodcock, Esq., attorney for W. Hays Louden, David H. Baird and Carl J. Resig, and John J. Haberstroh, Esq., solicitor for the Borough of Juniata, a copy of said stipulation and agreement being attached to the foregoing petition and made a part of the record, and to show cause whether the Borough of Juniata is liable for the payment of interest upon the said judgment in above proceedings, and, if so, from what date." The said rule was actually served upon all of the parties named Oct. 20, 1927. Upon these facts we have for consideration and decree: First, the mandamus execution proceedings; second, the interpleader proceedings; and, third, whether or not the defendant borough is liable for the payment of interest on said judgment, and, if so, from what date.

### Interpleader proceedings.

The first question is whether an interpleader proceeding will lie to compel James H. Dodson, T. G. Smith and Charles F. Kauffman to become parties to this proceeding more than three years after the condemnation proceedings were instituted and more than nine months after final judgment. The contention of the defendant borough is that, notwithstanding these three persons were the owners of lots originally belonging to what is known as the Louden farm, the Dodson and Smith deeds were of record prior to the institution of

the condemnation proceeding, to wit, Oct. 6, 1924, and the Kauffman deed of record Oct. 18, 1924, they should be compelled to come into court and claim part of the proceeds of the judgment recovered by plaintiffs. With this contention we cannot agree. Land owners of record, against whom no condemnation proceedings have been instituted, cannot be compelled by interpleader proceedings, or any other proceeding that we know of, to come into court and claim a right to participate in a judgment recovered by other owners of land.

Section 3 of chapter 6, article 17, of the Act of May 14, 1915, P. L. 312, known as the Borough Code, provides: "Any borough desiring to erect waterworks or to improve its water supply may appropriate springs, streams, rivers, creeks and rights-of-way, lands, easements, within or without its limits, etc."

Section 5 provides: "Prior to any such appropriation, the borough shall attempt to agree with the owner as to the damage done or likely to be done, and if the parties cannot agree or the owner cannot be found or is under legal incapacity, the borough shall file its bond in the Court of Common Pleas conditioned for the payment to the owner of the property of the damages for the taking thereof when the same shall have been ascertained. Upon the approval of the bond and filing thereof, the borough may enter upon such property."

Section 6 provides: "Upon petition of either the property owner or borough at any time thereafter, the court shall appoint three viewers from the county board of viewers, who shall assess the damages for the property or rights appropriated and shall fix a time for their meeting, of which notice shall be given to all parties interested. When the report is filed, either party may appeal and have a jury trial."

Messrs. Dodson, Smith and Kauffman are strangers to this litigation and cannot be made parties thereto. The jury, in awarding damages against the defendant borough, were not in any way deceived or misled by the plaintiffs or any other person as to just what the appropriated tract of land included. The parties now sought to be made parties defendant were not served with notice and no attempt was made to bring them into the action at the time of the appropriation or thereafter until many months after final judgment, and, in the testimony of W. Hays Louden before the jury, we find, on page 2, the following evidence: "Q. You are the plaintiff in this suit? A. Yes, one of them. Q. This draft of Mr. Gwin's correctly describes the farm? A. Yes, sir. All but three lots that have been sold. Q. To whom did you sell these three lots? A. A man by the name of Dodson and Forrest Smith and Charles Kauffman. Q. When did you sell them? A. Along about July or August, 1924. Q. Do you know whether the deeds were delivered? A. Yes. Q. Were they paid for? A. Yes. There is a cottage on one. It is the first lot you come to on the left, going out. Q. Right near the upper dam? A. Yes. Q. Whose cottage is it? A. Mr. Kauffman's. Q. Is that Mr. Charles F. Kauffman? A. Yes." The jury, with this testimony before them, awarded damages to the named plaintiffs, to wit, W. Hays Louden, David H. Baird and Carl J. Resig, for the land, exclusive of said lots, the title to which had already become vested in James H. Dodson, T. G. Smith and Charles F. Kauffman. The defendant borough has no legal standing to compel said parties to participate in the distribution of the judgment, and Messrs. Dodson, Smith and Kauffman would have no right, upon their petition, to intervene as parties entitled to said judgment or any part thereof under the facts in this case. There is no condemnation proceeding against the lots which were expressly excepted and excluded by the testimony already referred to. These three persons have not had their day in court.

In Harris *v.* Brewster, 154 Pa. 22, in a proceeding very similar to the one under consideration, the Supreme Court said: "It appears that the fund in court is the proceeds of certain land condemned by the Schuylkill Railroad Company in a proceeding against Amanda G. Harris. The appellant alleges that he has recovered a judgment against Henry G. Harris, a son of Amanda G. Harris, and that the said Henry G. Harris is beneficially interested in the money paid into court for the reason that he was the real owner of the land taken by the railroad company. We do not understand how the title of Henry G. Harris to the real estate in controversy can be settled in this proceeding. It has been condemned as the property of Amanda G. Harris, and if she was not the owner, the railroad company get no title. The latter cannot condemn the property of Henry G. Harris upon a proceeding against his mother. If the title was in him at the time of the condemnation, it is in him still, for anything that appears, and the appellant cannot proceed against it upon his judgment. As the case appears to us, he has no standing to intervene in this proceeding and the order of the court below discharging his rule to show cause is affirmed."

True it is that the attorney for defendant borough and one of counsel for original plaintiffs undertook by agreement noted upon the record to stipulate and set aside a certain part of said judgment, to wit, $850, representing the original consideration paid for said lots, to be paid to said lot owners. This agreement was ineffective as to Messrs. Dodson, Smith and Kauffman, as they were in no wise, directly or indirectly, parties to the same. This amount was arbitrarily set aside for them without their consent and repudiated by Messrs. Louden, Baird and Resig. Messrs. Dodson, Smith and Kauffman have made no demand upon the borough for damages by reason of said condemnation proceedings, and neither have they made demand upon the plaintiffs in said proceedings for any part of the judgment recovered. The borough's petition avers that there is a dispute between the parties entitled to the fund which it holds and no such proceeding will lie unless the petitioner is a mere stakeholder without any interest in the fund and without any controversy of his own to settle: Dohnert's Appeal, 64 Pa. 311; Bridesburg Manuf. Co.'s Appeal, 106 Pa. 275; De Zouche *v.* Garrison, 140 Pa. 430.

### Mandamus execution.

Either mandamus or *fi. fa.* execution is a proper remedy for the enforcement of payment of the judgment, and the plaintiffs, W. Hays Louden, David H. Baird and Carl J. Resig, are entitled, under the law, to proceed with the writ of mandamus for the collection of the amount of the judgment, with interest.

### Date of interest, if any.

The Act of Assembly of April 6, 1859, P. L. 381, provides as follows: "It shall be lawful for any party or parties in whose favor any verdict may be rendered for a specific sum of money to collect and receive interest upon such sum from the date of the verdict, and every general judgment entered upon such verdict, whether by a court of original jurisdiction or by the Supreme Court, shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding."

The market value of plaintiff's property was the only question before the court and jury. The jury found the market value of the plaintiff's property to be $10,500. Thereafter, the plaintiff's claim ceased to be in unliquidated damages, but became a debt due the plaintiff, drawing interest at the legal rate from the date of the verdict, to wit, Jan. 28, 1926: Whitcomb *v.* Phila-

536

delphia, 264 Pa. 277; Wayne *v.* Pennsylvania R. R. Co., 231 Pa. 512; Hoffman *v.* Philadelphia, 261 Pa. 473.

### Decree.

Now, July 31, 1928, rule for interpleader discharged and rule for mandamus execution for the collection of the verdict of $10,500, with interest thereon from Jan. 28, 1926, to date of payment at the rate of 6 per cent. per annum, with costs, is made absolute. From Robert W. Smith, Hollidaysburg, Pa.