## Commonwealth's Appeal (White Township School District).

Argued October 5, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, MAXEY and DREW, JJ.

*S. M. R. O'Hara,* Deputy Attorney General, with him
*R. E. McCreary* and *Wm. A. Schnader,* Attorney Gen-
eral, for appellant.

*L. L. Ewing,* of *Reed & Ewing,* for appellee.

PER CURIAM, November 23, 1931:
On the first Monday of July, 1928, the School District
of the Borough of West Mayfield was erected from ter-
ritory formerly of the School District of White Town-
ship, Beaver County. Under provisions of the Act of
May 18, 1911, P. L. 309, sections 112-114, the Court of
Common Pleas of Beaver County apportioned the in-
debtedness between the new and old school districts,
and, upon appeal to this court, we held the action of the

lower court was final and conclusive in the matter: White Twp. School Directors' App., 300 Pa. 422. Another phase of the case was before us in Herr et al. v. Rumisek et al., 303 Pa. 9. Now, for the third time, matters growing out of the creation of the new school district and the subsequent apportioning of indebtedness come to this court.

On July 18, 1931, the Commonwealth, acting by the attorney general, petitioned the court below for leave to intervene in the proceedings, for leave to move to strike from the record the report of the commissioners apportioning the indebtedness between the school districts, to have two supplementary orders made in the case, one of August 29, 1929, and one of April 20, 1931, vacated, and to remit the proceedings to the commissioners for a further hearing at which the Commonwealth could be represented. The court refused this petition and also refused a second petition filed the same day asking for a rule to show cause why the report should not be stricken from the record, the two orders vacated and the proceedings remitted to the commissioners. The Commonwealth has appealed.

The Commonwealth argues that it should be allowed to intervene under the provisions of the Act of May 28, 1915, P. L. 616, as amended by the Act of July 7, 1919, P. L. 731, because the state department of education has an interest in the outcome of the present proceedings; that, because of the apportionment, it has been compelled to advance money to the White Township district to assist in maintaining the schools, and that this is a financial burden and a matter of public interest to the Commonwealth. A reference to the record shows the state council of education, in 1927, gave its consent to the division of the School District of White Township. We deem unnecessary discussion of the possible merits of the Commonwealth's position, for its failure to make itself heard in due season "as other parties litigant" would be required to do, now precludes it. The apportionment

proceedings terminated at the time the opinion of this court was delivered on May 12, 1930, and the Commonwealth cannot be heard on a petition to intervene filed on July 18, 1931, more than a year later. This is especially so since the school directors of one of the districts, relying on the apportionment made by the court below and affirmed by this court, have contracted additional indebtedness: Herr et al. v. Rumisek et al., supra. The later order of April 20, 1931, made by the court below was in no sense a reopening of the apportionment but was merely a supplemental order concerning payment of the bonded indebtedness of the two districts, necessitated by the court not having been advised, at the time of making the original decree, as to the maturity dates of the then existing indebtedness. We agree with the lower court that "there ought to be some end to the litigation between the School District of the Borough of West Mayfield and the School District of the Township of White." Without further discussion of the points argued before us, and without deciding what rights the Commonwealth might earlier have had to become a party to these proceedings, it will suffice to say that the petition to intervene was properly refused.

The orders of the court below are affirmed; costs to be paid by the Commonwealth.