## Butler County Commissioners' Petition.

598

Argued April 18, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadt-field, Parker, Rhodes and Hirt, JJ.

*J. Campbell Brandon,* of *Brandon & Brandon,* for appellant.

*Luther C. Braham,* with him *Edith B. Galbreath,* of *Galbreath & Braham,* for appellee.

OPINION BY PARKER, J., October 4, 1940:

In connection with the construction of a viaduct eliminating a grade crossing in Butler Township, Butler County, the Department of Highways on July 2, 1936, filed in the office of the commissioners of Butler County a plan for change of State Route 68. On April 6, 1938, on petition of the county commissioners, the Court of Common Pleas of Butler County appointed viewers to assess damages occasioned by the change. The proceeding resulted in an award of damages, on June 6, 1938, to R. H. Cribbs in the amount of $2,500 for injuries to property of Cribbs known as "Motor Inn".

On October 18, 1938, after the report of viewers had been filed in common pleas and while exceptions to the report by the county were pending, the appellant, Abram J. Andre, petitioned that court alleging that he was the owner of an undivided one-half of the real estate until January 2, 1937, and therefore entitled to one-half of the damages awarded and moving the court for an order allowing him to intervene as party plaintiff to the end that he might share as equal owner in the damages awarded. A rule to show cause having been granted, Cribbs filed an answer denying that Andre had any interest in the land, as of the date when the right to damages accrued, that would entitle him to share in the award. The court below considered the petition on its merits, discharged the rule, and dismissed the exceptions of the county. Andre has appealed from the order

discharging his rule. We are all of the opinion that the order should be affirmed.

Prior to May 1, 1934, Abram J. Andre and R. H. Cribbs were equal owners of land on which a filling station was erected. The station was operated by the two parties as partners. On that day Cribbs and Andre entered into a written agreement whereby the partnership was dissolved and Andre agreed to sell and convey to Cribbs the real estate free of encumbrances and all partnership assets and also to procure the cancellation of a note for $1,315 held by his wife, Elizabeth Andre. Cribbs agreed to pay all other outstanding partnership debts and to pay to Andre $4,169.35, payable $25 in cash, $1,000 in thirty days and the balance in sixty days. To secure the balance of the purchase money a deed was to be executed by Andre and wife and held in escrow by Brandon, Brandon & Ross, attorneys, until the payments were made, when the deed was to be delivered to Cribbs. The deed was executed on May 1, 1934, acknowledged at a later date, and held by the attorneys named. Cribbs as of that date entered into full possession of the real estate and partnership property and has continued to hold them and to operate the filling station for his own benefit, paying the existing debts of the partnership and current operating expenses and taxes and receiving the income for his own account.

Before the balance of the consideration was due it was discovered that the real estate was encumbered by a judgment held by Andre's brother. A dispute, to which Cribbs was not a party, arose over this judgment and litigation followed which terminated in a decision by this court (123 Pa. Superior Ct. 597, 187 A. 321) on October 6, 1936, the effect of which was to require the satisfaction of that judgment. Andre having been unable up to that time to comply with his agreement, settlement of the balance due and delivery of the deed was delayed. In the meantime, the value of the land and business was reduced by the changes in the highway

and a brother of Andre who was furnishing Cribbs a part of the cash to finance the purchase objected to supplying the money required. On January 2, 1937, Andre agreed to accept a reduction of about $1,500 in the consideration to be paid him. The reduced balance was then paid, the deed was finally delivered to Cribbs and the agreement was consummated. The contract was performed in all respects as originally contemplated, save for the reduction in the cash consideration.

The position of the court below and appellee is that Cribbs became the equitable owner of the real estate on May 1, 1934, with right of sole possession, that the right to damages accrued after that date and that Cribbs was therefore entitled to all the damages. The appellant argues that by reducing the consideration to be paid a new contract was made on January 2, 1937, and as the right to damages had then accrued Andre was therefore entitled to participate in the award.

It is well settled in this state that the owner of real estate at the time the injury is done to it is the person entitled to recover damages: *Howlett v. Pittsburgh*, 204 Pa. 428, 54 A. 347; *O'Brien v. P. S. V. R. Co.*, 119 Pa. 184, 13 A. 74; *Volkmar Street*, 124 Pa. 320, 16 A. 867; *Whitaker v. Phoenixville Boro.*, 141 Pa. 327, 21 A. 604. Damages in such case being in "compensation of an injury in the nature of a trespass, could not pass by a conveyance of the land": *Schuylkill & S. Nav. v. Decker*, 2 Watts 343, 344.

A binding contract for sale and purchase of lands vests an equitable title thereto in the purchaser. "When a part of the purchase-money is paid, the interest of the purchaser in the land is not circumscribed by the extent of the money paid, but embraces the entire value of the land over and above the purchase-money due. He is treated as the owner of the whole estate, encumbered only by the purchase-money": *Siter, James & Co.'s Appeal*, 26 Pa. 178, 180; *Richter v. Selin*, 8 S. & R. 425, 440. "So much is the vendee considered, in

contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance; and he will be entitled to any benefit which may accrue to it in the interval; because by the contract, he is the owner of the premises, to every intent and purpose, in equity": *City of Philadelphia v. Myers,* 102 Pa. Superior Ct. 424, 431, 157 A. 13.

Also compare *Phoenixville, V. F. & S. E. Ry. Co.'s Appeal,* 70 Pa. Superior Ct. 391, where an optionee who exercised the option according to the terms of the contract was held to be entitled to claim damages awarded in a condemnation proceeding, which damages accrued after the date of the option and before delivery of the deed, on the ground that his ownership reverted back to the date of the original contract.

The sole change made in the original agreement was a reduction in the amount of the cash consideration to be paid by Cribbs. Even if we assume that such change constituted a new contract of a later day, still that new contract fixed May 1, 1934, as the date when Cribbs became seized of the estate in the land formerly owned by Andre. This was long before the right to damages accrued. The deed which was placed in escrow and subsequently delivered to Cribbs was dated May 1, 1934, and when Andre authorized the attorneys to deliver the deed, he evidenced his intent to make the change of ownership effective as of the earlier date. The subject of a possible claim for damages was evidently considered by the parties before the deed was delivered. If Andre wished to assume a part of the burden in pursuing such a claim and desired to share in the results, he should have asserted such right at that time and made it a part of the agreement.

The original agreement provided not only for the sale of Andre's interest in the land, but also his interest in the partnership assets, including accounts receivable as of that date. After May 1, 1934, Cribbs operated the

business as his sole property. He assumed the debts as of that day, paid the taxes on the real estate and received the profits or bore the losses occurring thereafter. There had been part performance of the contract by both vendor and vendee and the vendor has made no effort or offer to restore the status quo. All of the circumstances support the contention of Cribbs that the change of ownership took place on May 1, 1934. "To every intent and purpose, in equity," Cribbs on that date became seised of the estate. He must bear any loss which happened to the estate after that time and he is entitled "to any benefit which may accrue to it": *City of Philadelphia v. Myers,* supra. So considering the matter, it seems clear to us that the contract in its final form and as consummated, assumed a change in ownership in the real estate in 1934.

*Flegal v. Hoover,* 156 Pa. 276, 27 A. 162, cited by appellant, is not in point and is not in conflict with anything that we have said. Viewing the record in a light most favorable to the appellant, the court below reached a correct conclusion.

"Generally speaking, the question of intervention is a matter within the sound discretion of the court below, which ordinarily will not be interfered with on review, unless there is a manifest abuse of discretion": *Valmont Developing Co. v. Rosser,* 297 Pa. 140, 146 A. 557. We are of the opinion that the circumstances would have warranted the court below in dismissing the petition to intervene on the ground of laches. The petition was not presented until after the claim had been made by Cribbs to the viewers, a hearing held and an award made. The only thing then standing in the way of a final order was the exception filed by the County of Butler. The present situation is comparable to one where a third party would seek to intervene after trial and a favorable verdict when motions for a new trial or for judgment n. o. v. were pending.

Rule 2329 (b) (3) with reference to intervention as

604

contained in the proposal of the Procedural Rules Committee expresses the law on the subject as it had theretofore been declared by the appellate courts of this state: "An application for intervention may be refused, if ...... (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties." *Warnick v. Conroy,* 318 Pa. 232, 177 A. 757; *Streuber's Appeal,* 229 Pa. 184, 78 A. 106; *Commonwealth's Appeal,* 305 Pa. 263, 157 A. 621; *White v. Old York Road Club,* 318 Pa. 346, 350, 178 A. 3. When we take into consideration the principle that the title to real estate may not ordinarily be settled in a proceeding of this kind (*Harris v. Brewster,* 154 Pa. 22, 25 A. 829), it would seem clear to us that the petitioner unduly delayed the presentation of his petition and to have granted the petition would have tended to unduly delay a settlement and prejudice the rights of Cribbs.

The order of the court below is affirmed at the cost of the appellant.