# Hogsett et al. *v.* Thompson et al., Appellants.

*Equity—Jurisdiction, C. P.—Restraining collection of debts— Receiver of individual—Creditor's bill.*

1. The jurisdiction given to a court of equity by the statutes for the prevention or restraint of the commission of acts contrary to law and prejudicial to the rights of individuals was never intended to be used to obstruct the collection of debts. It is only where the creditor is clearly and undeniably proceeding against right and justice to use the process of the law to the injury of another that equity intervenes to stay his hand.

2. The supervision and control of partnerships and corporations are recognized heads of equity jurisdiction, but the administration of the affairs of an individual, sui juris and compos mentis, is not; nor is the fact that an individual is not able to meet his obligations in itself sufficient to warrant the appointment of a receiver for his property or the issuing of an injunction to restrain his creditors from attempting to collect their claims.

3. Simple contract creditors who have no judgments against or liens upon the property of an individual or any equitable interest in any of his assets have no standing in equity to pray for the appointment of a receiver of the property of such individual, especially where such action would prejudice the rights of lien creditors.

4. A creditor's bill is always in aid of an execution and it will not lie where there is an adequate remedy at law. Its purpose is to secure satisfaction of a debt out of some equitable estate of the debtor which is not liable to execution at law, or out of some property beyond the reach of ordinary process.

5. Certain unsecured creditors of an individual filed a bill in equity alleging that the debtor had assets consisting of unimproved coal lands of the value of $70,000,000, which were subject to encumbrances amounting to $15,000,000, and that he was indebted to unsecured creditors in the sum of $7,000,000; that he was unable to meet his indebtedness; that suits had been entered and executions threatened, which would sweep away his equities in the various properties which were the only assets out of which unsecured creditors could be paid, and that if the assets of the defendant were administered under the direction of a court of equity sufficient might be realized to pay all of defendant's debts. The bill prayed for the appointment of a receiver and for an injunction to restrain all creditors from proceeding at law against the defendant's assets. Defendant admitted the facts averred in the bill. The court appointed receivers and allowed creditors to reduce their claims to judgment, but enjoined them from issuing execution against the defendant's property. A judgment creditor petitioned for leave to intervene and for leave to pursue the usual legal remedies for collecting her judgment. The court refused the petition. *Held,* on appeal, that the lower court had no jurisdiction to appoint receivers for the property of such individual and that petitioner was entitled to proceed at law for the collection of her judgment, and the bill was dismissed and the proceedings vacated with directions to the receivers to file their accounts.

Argued March 13, 1917. Appeal, No. 1, Jan. T., 1917, by Elizabeth Kremer, Administratrix of Albert C. Kremer, from decree of C. P. Fayette Co., No. 744, in equity, appointing receivers, and awarding an injunction, in case of Fuller Hogsett and David L. Durr v. Josiah V. Thompson, Defendant, Elizabeth Kremer, Administratrix of Albert C. Kremer, Petitioner to Inter-

vene.   Before BROWN, C. J., POTTER, STEWART, MOSCH-
ZISKER, FRAZER and WALLING, JJ.   Reversed.

Bill in equity for an injunction and for the appoint-
ment of a receiver.   Before VAN SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for.   Elizabeth
Kremer, Administratrix of Albert C. Kremer, appealed.

*Errors assigned* were in dismissing exceptions to vari-
ous findings of fact and conclusions of law, and the de-
cree of the court.

*Charles A. Tuit* and *H. S. Dumbauld,* for appellants.—
The court was without jurisdiction to make the decree.
Courts of equity in Pennsylvania possess no general
chancery jurisdiction: Gilder v. Merwin et al., 6 Whar-
ton 522;  Pitcairn v. Pitcairn, 201 Pa. 368;  Power v.
Grogan, 232 Pa. 387.

No Pennsylvania statute confers such jurisdiction:
Commonwealth v. Bank of Penna., 3 W. & S. 184;  Sand-
ford v. Catawissa, Williamsport & Erie R. R. Co., 24 Pa.
378;  Sarver & Others' App., 81½ Pa. 183;  Gilder v.
Merwin et al., 6 Wharton 522.

The pendency of a suit is essential to authorize the ap-
pointment of a receiver, except in the case of infants and
lunatics:  Anonymous, 1 Atkyn (Eng.) 578;  Ex parte
Whitfield, 2 Atkyn (Eng.) 315;  Ex parte Mountfort, 15
Ves. 445;  Crowder, Newman et al. v. Moone, 52 Ala. 220;
Baker et al. v. Admr. of Bakus, 32 Ill. 79;  Merchants'
& Manufacturers' National Bank v. Kent, Circuit Judge,
43 Mich. 292;  Jones v. Schall, 45 Mich. 379;  Hardy v.
McClellan, 53 Miss. 507.

The Chancery Act of June 16, 1836, P. L. 784, was
never intended to hinder and obstruct the collection of
valid claims:  Winch's App., 61 Pa. 424;  Scott v. Farm-
ers' Loan & Trust Co. et al., 69 Fed. Repr. 17;  Glenn v.
Liggett, 47 Fed. Repr. 472.

The decree impairs the obligation of contracts: Breitenbach v. Bush, 44 Pa. 313; Bunn v. Gorgas, 41 Pa. 441; Chadwick v. Moore, 8 W. & S. 49; Penrose v. Erie Canal Co., 56 Pa. 46; Long's App., 87 Pa. 114; Oshkosh Waterworks Co. v. Oshkosh City, 187 U. S. 437; Alton's Est., 220 Pa. 258; Galey v. Guffey, 248 Pa. 523.

The plaintiffs have shown no equitable cause of action: Hoops & Townsend Co. v. Ebel, 37 Pa. Superior Ct. 459.

The plaintiff's are simply contract creditors who have not reduced their claims to judgment; they are, therefore, not such parties as may invoke the equitable jurisdiction of the court: Scott v. Neely, 140 U. S. 106; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371; Cates v. Allen, 149 U. S. 451; Maxwell et al. v. McDaniels et al., 184 Fed. Repr. 311; Rainey v. Freeport Smokeless Coal & Coke Co., 58 W. Va. 424 (52 S. E. Repr. 528); Thompson v. Adams, 60 W. Va. 463 (55 S. E. Repr. 668); Uhl v. Dillon et al., 10 Md. 500; Bayand & Berard v. Fellows, 28 Barb. (N. Y.) 451; McGoldrick et al. v. Slevin et al., 43 Ind. 522; Hubbard v. Hubbard, 14 Md. 356; Rich v. Levy, 16 Md. 74; Blondheim, Goodman et al. v. Moore, 11 Md. 365; Holdredge v. Gwynne et al., 18 N. J. Eq. 26; Young et al. v. Frier & Duttenhoeffer et al., 9 N. J. Eq. 465; Phelps et al. v. Foster, 18 Ill. 309; Bigelow et al. v. Andress et al., 31 Ill. 322; Rhodes v. Cousins, 27 Va. 188.

*John M. Freeman,* of *Watson & Freeman,* and *Louis Marshall* (of the New York Bar), with them *H. F. Stambaugh, Sturgis & Morrow,* and *Samuel Untermeyer,* for appellees.—This is a creditors' bill filed by unsecured creditors whose claims are admitted for the purpose of conserving equitable assets and preventing their unnecessary sacrifice, so that they may be sold and the proceeds applied to the payment of the claims of the plaintiffs and other creditors of the same class: Adam's App., 113 Pa. 449.

In a creditor's suit, a court of equity has power to appoint a receiver, irrespective of whether the property is owned by an individual or by a corporation: Galey v. Guffey, 248 Pa. 523; Wiswall v. Sampson, 55 U. S. 52; Walling v. Miller, 108 N. Y. 173 (15 N. E. Repr. 75); Rose & Gauss v. Beevan et al., 10 Md. 466; Kuhl v. Martin et al., 26 N. J. Eq. 60; McCullough v. Jones, 91 Ala. 186 (8 So. Repr. 696); Ahlhauser v. Doud, 74 Wis. 400 (43 N. W. Repr. 169); Hirsch v. Israel, 106 Iowa 498 (76 N. W. Repr. 811); Runals v. Harding et al., 83 Ill. 75; Pettibone v. Byrne, 97 Mich. 85 (56 N. W. Repr. 236); Gage v. Smith et al., 79 Ill. 219; Wessel v. Brown et al., 78 Tenn. 685.

The substance of this action being to prevent the waste and sacrifice of equitable assets and to sell the same and apply the proceeds equally in payment of the claims of the plaintiffs and other creditors, is clearly within the language of the statutes granting chancery jurisdiction to Courts of Common Pleas in Pennsylvania.

The total inadequacy of the legal remedies in this case furnishes a very cogent reason for the exercise of equitable jurisdiction: Penna. R. R. Co. v. Bogert, 209 Pa. 589; Blair v. Supreme Council American Legion of Honor, 208 Pa. 262; Johnson v. Price, 172 Pa. 427; New London Bank & Union Bank v. Lee et al., 11 Conn. 112.

The facts of this case show a situation precisely analogous to a corporation or partnership, in which cases receivers are frequently appointed in creditors' suits for the sole purpose of preventing a sacrifice of assets by execution and other forced sales: Blum Bros v. Girard Natl. Bank et al., 248 Pa. 148; United States Brick Co. v. Reading Shale Brick Co., 228 Pa. 81; Tenth National Bank of Philadelphia v. Smith Construction Co., 242 Pa. 269; Duplex Printing Co. v. Clipper Publishing Co., 213 Pa. 207; Cowan v. Penna. Plate Glass Co., 184 Pa. 1; Sage v. Memphis & Little Rock R. R. Co., 125 U. S. 361; Re Metropolitan Ry. Receivership, 208 U. S. 90; Penna.

Steel Co. et al. v. New York City Ry. Co. et al., 198 Fed. Repr. 736.

A creditor's bill may be maintained without first recovering a judgment in cases where the claim is admitted in the answer and the facts show an execution would be of no avail: Cowan v. Penna. Plate Glass Co., 184 Pa. 1; Blum Bros. v. Girard Nat. Bk. et al., 248 Pa. 148; Case v. Beauregard, 101 U. S. 688; Horn v. Pere Marquette, R. R. Co., 151 Fed. Repr. 626; American Can Co. et al. v. Erie Preserving Co., 171 Fed. Repr. 540; Union Trust Co. et al. v. Southern Sawmills & Lumber Co. et al., 166 Fed. Repr. 193; Cincinnati Equipment Co. v. Degnan, 184 Fed. Repr. 834; Robinson v. Mutual Reserve Life Ins. Co., 162 Fed. Repr. 794; Citizens Bank & Trust Co. et al. v. Union Mining & Gold Co., 106 Fed. Repr. 97; Walker v. United States Light & Heating Co., 220 Fed. Repr. 393; Closser et al. v. Strawn, 227 Fed. Repr. 139; Burton v. Peters Salt & Lumber Co., 190 Fed. Repr. 262.

OPINION BY MR. JUSTICE POTTER, May 7, 1917:

On January 19, 1915, Fuller Hogsett and David L. Durr filed a bill in equity against Josiah V. Thompson, in the Court of Common Pleas of Fayette County, praying for the appointment of a receiver for the property of Mr. Thompson. It was alleged in the bill that the defendant had assets, consisting largely of unimproved coal lands, of the value of $70,000,000, which were pledged and mortgaged to the amount of $15,000,000, and that he was further indebted to unsecured creditors in the sum of $7,000,000; that the defendant was unable to meet his indebtedness as it became due, and that suits were entered, and executions threatened, which would sweep away his equities in the various properties, which were the only assets out of which the unsecured creditors could be paid, and that, by reason of enormous prior encumbrances, executions would be of no avail. It was alleged that, if the assets could be preserved from sacrifice and sold under the direction of a court of equity,

sufficient might be realized to pay all of defendant's debts. When the bill was filed, defendant filed an answer admitting the facts to be as averred. After hearing, the court appointed receivers and issued an injunction restraining all creditors from entering suits, issuing executions, or interfering in any way with the property in the hands of the receivers. Afterwards the court modified its decree, so as to permit creditors, who so desired, to enter suit and prosecute the same to judgment. On February 29, 1916, Elizabeth Kremer, Administratrix, recovered a judgment against defendant for $3,-698.98, and filed her petition to intervene, asking for permission to pursue the usual legal remedies for collecting her judgment. On August 1, 1916, the court made an order refusing permission to intervene, and refusing to modify the original decree. Exceptions were filed, which were overruled, and the decree of August 1, 1916, was confirmed and made absolute. Petitioner has appealed, and the fundamental question raised by the assignments of error is, whether the court below had jurisdiction to appoint receivers for the property of Mr. Thompson, an individual, and to restrain his creditors from proceeding to collect their lawful claims.

That the courts of Pennsylvania do not possess general chancery powers, but exercise only such as have been conferred upon them by statute, has repeatedly been pointed out: Davis v. Gerhard, 5 Wharton 466; Gilder v. Merwin et al., 6 Wharton 522; Dohnert's App., 64 Pa. 311; Bridesburgh Mfg. Co.'s App., 106 Pa. 275; Pitcairn v. Pitcairn, 201 Pa. 368.

The equity jurisdiction of the courts of common pleas is conferred and defined by the Act of June 16, 1836, P. L. 784, Sec. 13, and a few later acts. In these acts the courts are given no express power or control over the property of individuals who are sui juris and compos mentis, except under circumstances which do not exist in the present case.

The court below concedes this, saying: "The petitioner

here contends that there is no specific statutory authority in Pennsylvania for the appointment of receivers for the estates of individuals. That is true." The court, however, regarded its action as warranted by the clause of the Act of 1836, giving equity jurisdiction for "the prevention or restraint of the commission or continuance of acts contrary to law and prejudicial to the interests of the community, or the rights of individuals." But, as was said by SERGEANT, J., in Gilder v. Merwin et al., 6 Wharton 522, 541: "It cannot be seriously contended that the issuing execution on a judgment confessed in a court of law is an act contrary to law. Injunctions on equitable grounds are grantable by this court only where they are incidental to the relief prayed for, and where that relief is within our jurisdiction by the acts of assembly." And in Winch's App., 61 Pa. 424, Mr. Justice AGNEW, considering the same clause, said (p. 426): "The jurisdiction given to a court of equity for the prevention or restraint of the commission of acts contrary to law and prejudicial to the rights of individuals, was never intended to be used to obstruct the collection of debts. It is only where the creditor is clearly and undeniably proceeding, against right and justice, to use the process of the law to the injury of another, that equity intervenes to stay his hand. To adopt another rule would lead to a constant use of the powers of equity to hinder and delay the collection of honest claims, and to prevent the creditor from reaching the marrow of a fraud."

In Pairpoint Mfg. Co. et al. v. Philadelphia Optical & Watch Co. et al., 161 Pa. 17, Mr. Justice FELL said (p. 22): "The confession of judgment to the appellant being lawful, the only remaining reason presented by the petition for interfering with the writ of execution is that a sale can be more advantageously conducted in the interests of all the creditors by the receivers. This is not a sufficient reason. The appellant is pursuing the regular and orderly course for the collection of a judgment

lawfully obtained for a debt admittedly due. This is its right. The interest of other creditors may be affected thereby, but, until it is shown that their rights are violated, no one has a standing to challenge the appellant's right to use the means provided by law for the enforcement of its claim."

Even in the case of a corporation a receiver will not be appointed where the only effect would be to hinder and delay the collection of valid claims, and the courts are without authority to make such an appointment: Bell et al. v. Wood & Co., to use of Camden Iron Works, 181 Pa. 175, 181.

The action of appellant in seeking to enforce her claim in the manner provided by law, is certainly neither "contrary to law," nor "prejudicial to the interests of the community," nor does it infringe on "the rights of individuals."

As a bill for an injunction merely to restrain legal process in the collection of a debt, the present bill cannot be sustained. An inspection of the bill shows that it was filed for the express purpose of securing the appointment of a receiver for the assets of an individual, and to provide for the management and disposal of those assets. For such a purpose, the plaintiffs in the original bill have no standing in an equity court of Pennsylvania. The supervision and control of partnerships, and of corporations, are recognized heads of equity jurisdiction, but the administration of the affairs of an individual, sui juris and compos mentis, is not.

The fact that an individual is not able to meet his obligations is not in itself sufficient to warrant the appointment of a receiver for his property, or the issuing of an injunction to restrain his creditors from attempting to collect their claims. Other equitable cause for relief must be shown to justify the interference of a chancellor. The plaintiffs in their bill asserted no right which required the aid of equity. There was no dispute between them and Mr. Thompson, and no issue was pre-

sented which a court of equity had jurisdiction to determine. The relief which they sought was not by means of a decree determining any matter in dispute between Mr. Thompson and themselves, but their object was to prevent other persons, not parties to the bill, from taking lawful action. The appointment of a receiver is only incidental to other equitable causes of relief within the statutory grant of jurisdiction. It is a provisional remedy, and is not the ultimate end of a suit. It is the exercise of a power in aid of a proceeding in equity. In the present case no suit was pending between the parties in the court below when the application for the appointment of a receiver was made. In High on Receivers (4th Ed.), Section 17, it is said: "Ordinarily, unless perhaps in the case of infants or lunatics, a suit must be actually pending, to justify a court of equity in appointing a receiver." These plaintiffs were simple contract creditors, who had no judgments or liens upon the property, or any equitable interest in any of the assets of the defendant. The general rule applicable in such case, is stated in High on Receivers (4th Ed.), Section 406, as follows: "Having already shown that the aid of a receiver is extended only in behalf of creditors who have fully exhausted their remedy at law, it follows necessarily that the jurisdiction will not be exercised in favor of mere general creditors, whose rights rest only in contract and are not yet reduced to judgment, and who have acquired no lien upon the property of the debtor. Courts of equity will not permit any interference with the right of a debtor to control his own property, at the suit of creditors who have acquired no lien thereon, and whatever embarrassment the creditor may experience, by reason of the slow procedure of the courts of law, must be remedied by legislative and not by judicial authority. And while there are a few instances where the courts have maintained a contrary doctrine, the great weight of authority supports the rule that, in the absence of statutory provisions to the contrary, a general contract creditor, be-

fore judgment, is not entitled either to an injunction or a receiver against his debtor, upon whose property he has acquired no lien."

There is no ground for the suggestion that this bill is in the nature of a creditor's bill. It was not filed to enforce payment of any judgment or in aid of an execution against the defendant. On the contrary, its purpose was to prevent the seizure of any of his property under execution, and to prevent his creditors from pursuing their lawful remedies for an indefinite time. A creditor's bill is always in aid of an execution, and it will not lie where there is an adequate remedy at law. Its purpose is to secure satisfaction of a debt out of some equitable estate of the debtor which is not liable to execution at law, or out of some property beyond the reach of ordinary process. In the present case there is no allegation of concealment or fraudulent disposal of any of the assets of the defendant. The bill is in no sense of the term a creditor's bill, and the authorities relating to creditors' suits of that nature have no application here.

In the argument of counsel for appellees, it is suggested that the jurisdiction for which they here contend was upheld by this court in Galey v. Guffey, 248 Pa. 523. In that case, the Court of Common Pleas of Allegheny County, upon a bill filed by an unsecured creditor of J. M. Guffey, containing averments to the same effect as those in the present bill, and an answer admitting the facts and consenting to the relief prayed for, appointed a receiver for the property and assets of defendant and enjoined his creditors from selling, transferring, disposing of or interfering in any way with such property or preventing or obstructing the receiver in the performance of his duty. A mortgagee of one of defendant's properties petitioned the court for leave to proceed on his mortgage, which was in default. The court refused to grant such leave and the petitioner appealed. We reversed on the express ground that the mortgagee was entitled, under the terms of the mortgage, to sue it out

and take the mortgaged premises in execution, and that, to deny him this right, would be to impair the obligation of the contract, which was beyond the power of the court. The question of the jurisdiction of the court below to entertain the bill and appoint the receiver does not appear to have been raised in that case, and it certainly was not passed upon by this court. Mr. Justice STEWART said (p. 527) : "We have before us the single question whether the order of the court enjoining the creditors of J. M. Guffey from proceeding by law to enforce collection of the debts due them, so long as the estate is in the hands and under the control of the receiver appointed by the court, operates in law to stay the hands of these appellants. In other words, the question raised is: is it within the power of the court to restrain these particular creditors—and we are here concerned with no other—because of the appointment of the receiver of the estate, from adopting and applying such legal remedies as are allowed them by the terms of their contract, and at such times as that contract by its terms permits." And it was held that the court had no such power. The broad question of the power of the court to appoint a receiver for the estate of an individual, was neither considered nor decided in that case.

If the defendant here is solvent, as is alleged, a court of equity has no power to place his property beyond the reach of his creditors, or to enjoin them from resorting to the remedies which the law has given to them for the protection of their claims. If he is insolvent the law also provides appropriate means for the distribution of his estate for the benefit of his creditors. It follows that the court below erred in appointing receivers for the property of defendant and in restraining his creditors from prosecuting suits at law or in equity against the defendant.

The order and decree of the court below are reversed, and the bill filed for the appointment of receivers is dismissed for want of jurisdiction to entertain it, and all

proceedings thereunder are vacated and set aside; but it is ordered that the receivers who were improperly appointed forthwith file their account; the costs below and on this appeal to be paid by the plaintiffs in the original bill.

