## Ninth Bank & Trust Company v. Spector et al.

*Frederick J. Shoyer*, for plaintiff.

*Samuel R. Schatz, Sundheim, Folz & Sundheim, George Sterner*, and *Edward I. Lipschutz*, for defendants.

BROWN, JR., J., October 6, 1933.—This case is before the court in banc on preliminary objections to a bill in equity.

From the averments in the bill the facts appear to be as follows:

On December 3, 1926, about 1 p. m., the defendant, J. Spector, trading as Reliable Undergarment Company, being indebted to plaintiff's predecessor, Fairhill Trust Company, in the sum of $5,450, transferred and assigned to it in writing the sum of $2,615.36, due him by Lit Brothers, and the sum of $714.50, due him from John Wanamaker, Inc., who are also named as defendants.

On December 3, 1926, after 3 p. m., writs of attachment execution were served on Lit Brothers and John Wanamaker, Inc., on a judgment in the sum of $8,261.95, entered on December 2, 1926, in this court, as of September Term,

1926, No. 17194, against Spector by Philadelphia Finance Company, also named herein as a defendant, and in the answers filed to the interrogatories Lit Brothers admitted that $2,586.72, and John Wanamaker that $91, was due Spector at the time of service of the writs, and set up the fact that each had notice of Spector's assignments to plaintiff's predecessor.

On February 17, 1932, plaintiff sued Lit Brothers in assumpsit on Spector's assignment in Court of Common Pleas No. 2, as of December Term, 1931, No. 11895, and on the same day instituted a like action against John Wanamaker, Inc., in Court of Common Pleas No. 5, as of December Term, 1931, No. 11896.

On November 11, 1932, the Benjamin Rush Building and Loan Association, also named as a defendant in this proceeding, issued and served writs of attachment execution on Lit Brothers and John Wanamaker, Inc., on a judgment entered against Spector in Court of Common Pleas No. 2, as of December Term, 1927, No. 2021.

The bill seeks to have the various issues raised in the several actions at law above mentioned tried and determined in this proceeding in equity "to save the trial of a multiplicity of suits and to have all the parties heard in the same proceeding". It also prays that "all the monies in the hands of" Lit Brothers and John Wanamaker, Inc., be paid to the plaintiff.

"The courts of Pennsylvania do not possess general chancery powers, but exercise only such as have been conferred upon them by statute": Hogsett et al. v. Thompson et al., 258 Pa. 85, 91. Section 13 of the Act of June 16, 1836, P. L. 784, gives them such jurisdiction so far as relates to "The determination of rights to property or money claimed by two or more persons, in the hands or possession of a person claiming no right of property therein." Thus, "a bill of interpleader cannot be maintained by a plaintiff who has a personal interest in the subject of the controversy. He must show that he is a mere stakeholder, without any rights of his own to be litigated": The Bridesburg Manufacturing Company's Appeal, 106 Pa. 275, 276. See also 15 R. C. L. 226, where it is stated: "It is of the essence of an interpleader suit that the plaintiff should be entirely indifferent between the conflicting claims, asserting no interest in himself in the fund in dispute. An attitude of perfect disinterestedness, excluding even an indirect interest, on the part of the plaintiff is indispensable to the maintenance of the bill, and his position must be one of 'continuous impartiality,' save that the thing in his possession be awarded to the right party."

It appears from the averments and prayers of the bill that the plaintiff is not a stakeholder but is attempting to litigate its own rights. Not only does it have a personal interest in the two funds, but it is claiming that the full amounts thereof should be paid to it. Besides, the funds are not in its possession. It is therefore apparent that "the plaintiff, being a claimant of the funds, is without right to request a court of equity to adjudicate title thereto and to distribute same to plaintiff as prayed for". This is the fourth preliminary objection to the bill, and it is well taken. However, such an objection is not included among those specified in Equity Rule 48, and so it cannot be sustained.

Of the reasons assigned in the preliminary objections, only one is in compliance with that rule, namely, that "the plaintiff has a full, complete and adequate remedy at law." And the averments of the bill indicate this to be so, for plaintiff has brought suits in assumpsit upon assignments of the two funds which it is seeking to recover by this bill. True, there appear to be other claimants, but whether the latter are entitled thereto can be determined in those proceedings. Indeed, they might well be consolidated to expedite the determination of the issues involved.

534

Equity Rule 49 provides that "if the only objection sustained is that plaintiff has a full, complete and adequate remedy at law, the bill shall not be dismissed, but shall be certified to the law side of the court for further proceedings". To certify this bill will not help plaintiff because it has no claim against any of the defendants except Lit Brothers and John Wanamaker, Inc. As it has actions in assumpsit already pending against them and will derive no benefit from such an order, it is useless and unnecessary to make it. The rule does not contemplate such a situation as exists in this case.

Lit Brothers and John Wanamaker, Inc., the holders of the funds, who are named as defendants and garnishees in the actions at law referred to above, have filed answers on the merits to this bill, but that does not give us jurisdiction which we do not have under the law. They are the stakeholders and the proper persons to file a bill of interpleader in equity. This appears desirable in order to dispose of the various controversies between the several claimants: Wilbraham v. Horrocks, 8 W. N. C. 285, 287.

The first preliminary objection is sustained, the others are dismissed.