358 A.2d 53

**Sidney M. DeANGELIS and Jack Friedland**

v.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY et al., Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1975.

Decided March 17, 1976.

Rehearing Denied June 11, 1976.

Thomas A. Masterson, Thomas C. Sadler, Jr., Morgan, Lewis & Bockius, Philadelphia, Raymond Pearlstine, Wisler, Pearlstine, Talone, Craig & Garrity, Norristown, for appellants.

Marvin L. Wilenzik, Gerber, Davenport & Wilenzik, Sidney M. DeAngelis, IPP, Norristown, for appellees.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

O'BRIEN, Justice.

This appeal arises from a final decree in equity which granted the appellees, Sidney M. DeAngelis and Jack Friedland, relief by the appointment of a receiver and a stay of the pending sheriff sale. This appeal followed.

The facts surrounding this appeal are as follows. Pursuant to a judgment entered in the Court of Common Pleas of Montgomery County at No. 74–10540 against Edwin K. Daly and Jeanne G. Daly, his wife [hereinafter "Dalys"] in the amount of $205,147.03, appellants Ferrantes, the judgment creditors, caused a writ of execution to be issued July 23, 1974, under the authority of which the sheriff of Montgomery County, on August 1,

1974, levied upon personal property of the Dalys and at the direction of the Ferrantes took possession of certain ceramic items and antique furnishings found at the Daly residence. Proper notice being given, a judicial sale of the property seized by the sheriff was scheduled for September 25, 1974.

Shortly thereafter, the Dalys attempted unsuccessfully to stay the sheriff's sale by petitioning to open the judgment. However, the Montgomery County Court refused to stay all proceedings in the meanwhile. Thereafter, the Montgomery County Court ordered a stay of the sale, which order was later vacated. Subsequently, counsel representing certain purported creditors of the Dalys, including Sidney M. DeAngelis and Jack Friedland, appellees and plaintiffs below, appeared before Judge Smillie of the Montgomery County Court and successfully deferred the sheriff's sale until October 23, 1974, upon the representation that they would interest professional ceramic and antique collectors in the hope of obtaining higher proceeds at the sale. In entering its order, the court below expressly provided that the sale would not be deferred beyond the thirty days.

Prior to the termination of that stay, DeAngelis, who had entered judgment against Daly in the interim period, commenced these proceedings on October 17, 1974, by filing a complaint in equity (No. 74–15105) seeking to appoint a liquidating receiver over the property and permanently to enjoin the sheriff's sale of October 23, 1974. Named as defendants in the DeAngelis complaint were appellants, the Dalys and the sheriff of Montgomery County. At approximately 4:00 p. m. on October 17, 1974, the Honorable Vincent A. Cirillo, Judge of the Court of Common Pleas of Montgomery County, ruled all named defendants to show cause why the court should not grant the relief requested and scheduled a hearing in that action for Friday, October 18, 1974, the very next day.

At the hearing, appellants filed preliminary objections to DeAngelis' complaint in equity and a memorandum in support thereof. In addition, Jack Friedland filed a nearly identical complaint in equity (No. 74–15173) and served appellants at the hearing.

On Monday, October 21, 1974, without entry of a bond by plaintiffs DeAngelis and Friedland, Judge Cirillo entered an order and decree that the scheduled sheriff's sale be stayed and that a receiver be appointed to take charge of only those assets of the Dalys subject to the levy of the Ferrantes. This order was not accompanied by any findings of fact or conclusions of law supporting its entry. The receiver was also instructed to sell the property subject to the lien of the Ferrantes and distribute the proceeds of the sale to all creditors of the Dalys under a plan later to be approved by the Court.

On October 29, 1974, the court below issued, ex parte, an order directing the entry of a receiver's bond in the amount of $500,000 and directing the receiver to take possession of a card collection levied upon by the Ferrantes but remaining at the Daly premises. On November 4, 1974, the court below issued, ex parte, the following orders: (1) that the receiver take possession of the ceramics and furnishings in the possession of the sheriff subject to the Ferrantes' levy and arrange for a sale in New York; (2) that counsel for the receiver be appointed; (3) that the receiver temporarily refrain from taking additional property in the possession of the Dalys. On November 8, 1974, upon notice of the orders of the court below, appellants filed this appeal. Appellants also filed exceptions to the order and decree of October 21, 1974, enjoining the sheriff's sale and appointing the receiver in order to protect their position in the court below.

On November 14, 1974, the court below, also ex parte on motion of the receiver, ordered that the receiver transport the levied-upon property in the hands of the

sheriff to New York the week of November 18, 1974 for eventual sale. On the same day the property was transported to New York, appellants were first notified of the ex parte petition and order allowing the property to be moved. Thereafter appellants filed a petition for allowance of special supersedeas and writ of prohibition directly to this court.

The appellants argue that the court below erred in the appointment of a receiver on petition of non-lien holding judgment creditors. We agree with appellants.

We are of the opinion that the order appointing a receiver in the above matter was in error. In *Hogsett v. Thompson*, 258 Pa. 85, 101 A. 941 (1917), this court stated:

"Having already shown that the aid of a receiver is extended only in behalf of creditors who have fully exhausted their remedy at law, it follows necessarily that the jurisdiction will not be exercised in favor of mere general creditors, whose rights rest only in contract and are not yet reduced to judgment, *and who have acquired no lien upon the property of the debtor.*" At page 94, 101 A. at page 943. (Emphasis supplied.)

In the instant case the appellees who had the receiver appointed did have judgments, but they did not have a lien upon the personal property of the Dalys.[1] Appellees had not yet issued a writ of execution prior to the time they petitioned for an appointment of a receiver. If appellees had sought to attach real estate rather than personal property, they would not have had to seek a writ of execution, since the judgment would have created an automatic lien on the real estate.[2] See 12 P.S. § 878.

1. In Pennsylvania, a lien does not attach to personal property of the judgment debtor until such time as the writ of execution is delivered to the sheriff. See Act of June 16, 1836, P.L. 755, § 39, 12 P.S. § 2291.

2. See § 1533–3 Goodrich-Amram Civil Practice (1970).

Decree appointing receiver is vacated and goods are to be returned to the sheriff of Montgomery County. Each party to bear own costs.

JONES, C. J., took no part in the consideration or decision of this case.

ROBERTS, J., filed a concurring opinion in which NIX and MANDERINO, JJ., joined.

EAGEN, J., concurs in the result.

ROBERTS, Justice (concurring).

I agree that the decree appointing the receiver must be vacated, but I cannot join the majority's justification for its result.

*Hogsett v. Thompson,* 258 Pa. 85, 101 A. 941 (1917), is not controlling here. In that case, the petitioner seeking the appointment of a receiver was only a contract creditor who had not reduced his claim to judgment. The proper rule, recently stated in *Tate v. Philadelphia Transportation Co.,* 410 Pa. 490, 500, 190 A.2d 316, 321 (1963), is:

> "[A] receiver will be appointed only in aid of some recognized, presently existing legal right, and no appointment will be made in a case where a receivership is the sole remedy prayed for."

Accord, *Bowman v. Gum, Inc.,* 321 Pa. 516, 184 A. 258 (1936); *McDougal v. Huntingdon & B.T. Mt. R.R.,* 294 Pa. 108, 143 A. 574 (1928). Appellees in this case meet both of these requirements. They are judgment creditors and, as such, have a "recognized, presently existing legal right," and the appointment of a receiver was not the sole remedy sought. A creditor who has reduced his claim to judgment should not be required to also reduce that judgment to a lien before being able to petition for the appointment of a receiver. The majority's result, which has no support in the case law, denies the hearing court an important procedure with which to protect just

claims. See *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 153 A.2d 901 (1959).

However, in this case, appellants have already levied against the disputed property and their claim to the property is clearly superior to the claims asserted by appellees. The court, in hearings which failed to conform with the Pennsylvania Rules of Civil Procedure and which ignored appellants' superior claim, appointed a receiver and allowed the property to be taken out of state. Such action puts the appellants' prospects of satisfying their lien in serious jeopardy if superior liens or other claims were to attach in the foreign jurisdiction.

Although the appointment of a receiver is a discretionary remedy, it should be "exercised sparingly, with caution and circumspection, and only in an extreme case, under circumstances as demand or require summary relief." *Tate v. Philadelphia Transportation Co.*, supra 410 Pa. at 500, 190 A.2d at 321; see *Waddell & Shriber*, 465 Pa. 20, 33, 348 A.2d 96, 102 (1975). As we stated in *Waddell*:

> "We have in a number of cases discussed guideposts to aid a court in determining whether a receiver should be appointed. '[C]ourts will not appoint receivers where there is well-founded suspicion it would be followed by serious injustice or injury to the rights of all parties interested. The court, before any appointment is made, will act with the utmost caution. Receivers will not be appointed unless the chancellor is convinced the right is free from doubt, the loss irreparable, with no adequate legal remedy, and the relief sought is necessary. . . . Illustrating these general principles, a receivership will not be granted where it will work irreparable injury to the rights and interests of others and greater injury will probably result from the appointment than if none were made, or where the appointment will do no good.'"

465 Pa. at 33, 348 A.2d at 102 (quoting *McDougal v. Huntingdon & B.T. Mt. R.R.*, supra 294 Pa. at 117–18, 143 A.2d at 578).

Here, the court abused its discretion by appointing a receiver without adequately protecting the rights of appellants. Perhaps, because of the unique nature of the property, a New York sale may offer an equitable solution. The court should not be barred from taking such action if, after a proper hearing with proper protections for all creditors, it is found to be warranted. The majority, using an artificial procedural rule, denies the court even the possibility of such a solution. I believe this is an unjustified limitation on the court's equitable powers and may be detrimental to the best interests of creditors.

NIX and MANDERINO, JJ., join in this concurring opinion.