**PARK CITY LEASING, INC.**

v.

**V.I.P. MOBILE PHONE CENTERS, INC., et al.**

**Civ. No. 90–3948.**

United States District Court, E.D. Pennsylvania.

May 8, 1991.

J. Raymond Munholland, Jenkintown, Pa., for Park City Leasing, Inc.

Robert B. Shoemaker, Jr., Rambo and Mair, Philadelphia, Pa., for V.I.P. Mobile Phone Centers, Inc.

Kathryn J. Brown, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, D.C., for U.S.

Michael Fallon Brown, Jerry H. Seidler, Drinker Biddle & Reath, Philadelphia, Pa., for Metrophone, Inc.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

This case arises out of a dispute regarding the relative priority of two competing lien creditors in assets belonging to a single debtor. The creditors—plaintiff Park City Leasing and defendant Internal Revenue Service—have stipulated to the facts and have submitted competing cross-motions for summary judgment.

I. FACTS

Park City Leasing ("Park City") leased mobile telephones and office equipment to

V.I.P. Mobile Phones ("V.I.P.").[1] V.I.P., a New Jersey-headquartered corporation, defaulted under the lease, causing Park City to bring suit in Pennsylvania state court on November 10, 1988. On that same day, Park City obtained a writ of foreign attachment issued to defendant Metrophone, garnishee. On November 30, 1988, the Pennsylvania court ordered Metrophone to withhold approximately $2200 owed to V.I.P. and to withhold an additional $1100 monthly. On February 19, 1990, the Pennsylvania court entered judgment in favor of Park City and against V.I.P. in the amount of $30,696. Park City filed a praecipe to enter judgment and a praecipe for writ of execution March 7, 1990.

Prior to the litigation brought by Park City, the IRS assessed employment taxes against V.I.P.[2] Thereafter, the IRS served notices of levy upon Metrophone on February 8, 1990 and on February 13, 1990. The IRS also filed notices of federal tax liens in Philadelphia County, Pennsylvania, on February 16, 1990, and in Gloucester County, New Jersey, on March 6, 1990.

Metrophone sought to interplead the fund on February 20, 1990; subsequently the United States intervened and removed to this court. On November 1, 1990, upon order of this court, Metrophone paid to the clerk of this court an initial deposit of $29,000. Park City and the IRS have filed competing motions for summary judgment, each claiming the superior right to the garnished funds.

## II. DISCUSSION

Park City claims that its right to the funds was perfected, as against the IRS's claim, on February 19, 1990—the date on which Park City won a judgment in Pennsylvania court. Park City also claims that under the Internal Revenue Code, 26 U.S.C., a tax lien is invalid as against an attorney who claims reasonable fees, if the attorney has assisted in procuring a judgment. It therefore claims that even if the state court judgment is in some respect deficient in supporting a claim against the whole of the Metrophone fund, Park City is still entitled to reasonable attorneys' fees stemming from its litigation against V.I.P. The government challenges both claims, contending that its New Jersey notice of federal tax lien, filed on March 6, 1990, secured its place in line ahead of Park City, whose interest in the fund did not properly attach until March 7, 1990 when Park City filed its praecipe for writ of execution. For the reasons which follow, the government is correct.

### 1. *Park City's Interest Stemming from the Judgment*

■ Section 6321, 26 U.S.C., provides "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Section 6323(a) further provides, however, that "[t]he lien imposed by section 6321 shall not be valid as against any ... judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." Section 6323(f) provides that for personal property belonging to a corporation, the subsection (a) notice required to be filed by the IRS is to be filed in the state in which the business' principal executive office is located.

In the present case, the IRS filed its lien in New Jersey, the location of V.I.P.'s executive office, on March 6, 1990. Its lien is therefore good against the claim of a judgment creditor whose lien is established after that date.

Park City contends that its lien was established before March 6, 1990. Specifically, it contends that its superior interest in the funds was established by the Pennsylvania state court judgment obtained on February 19, 1990. Park City's position fails to take account, however, of the rele-

**1.** By letter of September 21, 1990, V.I.P. indicated that it has the same interest in this litigation as the IRS and would not participate in the litigation.

**2.** The amount owed was $36,004.71 as of February 9, 1990.

vant Treasury Department regulations governing the definition of a judgment creditor. Those regulations provide, *inter alia,*

> [i]f under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved.

26 CFR Section 301.6323(h)–1(g).

The law of Pennsylvania provides that "a lien does not attach to personal property of the judgment debtor until such time as the writ of execution is delivered to the sheriff." *DeAngelis v. Commonwealth Land Title Ins. Co.,* 467 Pa. 410, 358 A.2d 53, 55 n. 1 (1976) (citations omitted). Thus, in this case, Park City's lien did not attach until March 7, 1991,[3] and it therefore did not become a judgment creditor under § 6323(a) until that date. This being one day after the IRS tax lien was perfected, Park City's interest in the funds is subordinate to that of the IRS under the well-established principle that " 'the first in time is the first in right.' " *United States v. New Britain,* 347 U.S. 81, 87, 74 S.Ct. 367, 371, 98 L.Ed. 520 (1954).

### 2. *Attorneys' Fees*

■ Section 6323(b), 26 U.S.C., provides Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

> \* \* \* \* \* \*

(8) **Attorneys' liens.**—With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount,

to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement ...

Park City contends that its attorneys hold a lien with respect to the judgment entered by the Pennsylvania state court, and that the effect of § 6323(b)(8) is to give that attorneys' lien superpriority status as against the government tax lien.

The government responds, in effect, that the statute affording relief to attorneys is designed to protect only attorneys who—after a government tax lien is perfected—win a judgment *on behalf* of a delinquent taxpayer, not those attorneys who win a judgment *against* such a taxpayer. The theory, presumably, is that an attorney who helps to generate a fund benefitting a delinquent taxpayer is entitled to priority as against the government because such an attorney has helped to create an asset from which the government can recover delinquent taxes. Conversely, if such an attorney is not given a priority, there is little incentive for the attorney to undertake to generate a judgment benefitting the taxpayer, and through the taxpayer, the government.[4]

While the statute is not unambiguous, several other courts appear to have accepted the government's interpretation of this section's purpose. See *United States v. Kuss,* 24 AFTR2d, para. 69–5077, (E.D.Pa. 1969); *Gilberton Contracting Co. v. Hook,* 69–2 USTC, para. 9734 (E.D.Pa.1969). I now join them. In the present case, the taxpayer's, i.e. V.I.P.'s, right to the funds paid it by Metrophone was well-established without any effort by Park City's attorneys. Park City's efforts did nothing to enhance the funds available to V.I.P.; that is to say, Park City won a judgment

---

**3.** Park City cites several Pennsylvania cases for the proposition that "as between party litigants, a judgment is valid upon rendition by the court." Brief, at 5. Those cases, however, are not on point as this case does not present a question of priority between "party litigants," but rather a question of priority as between one party to the Pennsylvania litigation—Park City—and one non-party—the IRS. Thus, while Pennsylvania law may provide that Park City's rights against V.I.P. were perfected on the date judgment was entered, as against other V.I.P. claimants, such as the IRS, Park City was not fully protected until the writ of execution was delivered to the sheriff.

**4.** Moreover, according priority to an *attorney* who has won a judgment against a taxpayer seems quite odd when the *client* on whose behalf the judgment was won may not be entitled to a similar priority, as in this case. See section 1, *supra.*

*against,* rather than *on behalf of,* V.I.P. Accordingly, § 6323(b)(8) affords Park City no right to the funds.

## III. CONCLUSION

While I conclude that the government's tax lien against the Metrophone funds is superior to any claim to those funds asserted by Park City, the exact amount of the Metrophone fund and the exact amount of government's claim at this time are unclear. In particular, I am unsure as to whether now, or at some future date, the Metrophone funds may be sufficient to discharge fully the government's tax lien, and if so, whether any additional funds generated through Metrophone should be made available to Park City. I will therefore ask the parties to submit an agreed order that properly takes account of my ruling and addresses these few remaining questions.

## ORDER

For the reasons given in the accompanying memorandum, it is hereby ORDERED and DIRECTED that the United States' motion for summary judgment is GRANTED and Park City Leasing, Inc.'s motion for summary judgment is DENIED. It is FURTHER ORDERED that the parties are to file an agreed form of order consistent with the memorandum by May 24, 1991.